## RICHARDSON v. STATE.

District Court Stenographer — Duties — Failure to Perform — Rights of Parties—Loss of Notes—Appeal and Error—Criminal Cases—Bill of Exceptions—Loss of Bill or Record—New Trial —Supreme Court—Jurisdiction.

1. The official court stenographer is an officer of the District Court and the prescribed duties of the office should be performed with fidelity and without unnecessary delay.

2. A party litigant should not be deprived of his legal rights through the failure or refusal of the official court stenographer to perform his duties.

3. Since the statute requires the official court stenographer to take full stenographic notes in cases tried during his attendance of the testimony, objections, rulings and exceptions, and to preserve and furnish a transcript of such notes upon payment of the prescribed fees, litigants and their counsel, for the purpose of making up bills of exceptions as to such matters, are entitled to rely upon their ability to obtain from that officer, upon due request therefor, and the payment of the statutory fees, a transcript of all or any part of the proceedings taken down in shorthand by him.

4. Previous judicial permission is not required to authorize the *institution of proceedings in error in a criminal case* by a convicted defendant, but, limited only as to time and method of bringing the proceedings, such defendant has by statute an absolute right of appeal to the Supreme Court.

5. Where a party complaining of a judgment has lost the benefit of his exceptions from causes beyond his control, a new trial

is properly awarded to prevent the miscarriage of justice or the deprivation of the legal right of appeal.

6. Where an appellant is unable to furnish the necessary record for a review of the judgment complained of because of its loss or destruction without fault on his part, it is proper to grant a new trial.

7. It is proper as within the inherent powers of the court to grant a new trial where, solely on account of the failure or refusal of the official court stenographer, upon due request therefor, to furnish a complete transcript of the evidence, rulings and exceptions within the time allowed for presenting a bill of exceptions, the complaining party has been prevented from presenting with his bill all the evidence necessary to a review of his exceptions taken upon the trial.

8. The Supreme Court does not have jurisdiction to entertain as an original proceeding, independent of a proceeding in error or some other authorized appellate proceeding, a motion for new trial of a cause in the District Court based upon the inability of a party, without fault on his part and from causes beyond his control, to secure a necessary bill of exceptions or the record necessary for a review of the judgment complained of.

9. Where, in a proceeding in error regularly and timely instituted, it appears that the only record in the cause has been destroyed without possibility of substitution through no fault of the appellant, or where, without fault of appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident or act of Providence for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered, the Supreme Court has the power to order a new trial of the cause. Such power is incidental to the power to compel the sending up of a correct record, or the settlement of a bill of exceptions.

10. It appearing in a criminal case upon a proceeding in error regularly and timely instituted that a bill of exceptions containing all the evidence would be essential to a consideration of the error assigned, and that the appellant had been prevented, without fault on his part, but through the accidental loss of his proposed and presented bill, from obtaining a complete and proper bill and record, the judgment is reversed and a new trial ordered.

[Decided May 1, 1907.]          (89 Pac., 1027.)

ERROR to the District Court, Crook County, HON. CARROLL H. PARMELEE, Judge.

Noah T. Richardson, having been convicted of murder in the first degree, instituted proceedings in error within the time prescribed by statute therefor, and pending the same, moved that a new trial be granted on the ground that he had been prevented from having the necessary bill of exceptions signed and from perfecting the necessary record for a review of the judgment complained of, without fault on the part of himself or counsel. The material facts are stated in the opinion. The case was heard upon the motion.

*W. S. Metz* and *M. Nichols,* for plaintiff in error.

*W. E. Mullen,* Attorney General; *M. L. Gordon,* County and Prosecuting Attorney, and *E. E. Enterline,* for the State.

POTTER, CHIEF JUSTICE.

This case is in an unfortunate condition. Noah T. Richardson was convicted of the crime of murder in the first degree upon an information charging him with that crime at the May, 1906, term of the District Court of Crook County. Upon the denial of his motion for new trial at the same term, he was sentenced to suffer the death penalty, and it was ordered that he be taken to the penitentiary to be there confined until the execution of the sentence, the date fixed for such execution being August 3, 1906. On June 25, 1906, he filed his petition in error in this court for a reversal of the judgment, assigning as error the overruling of his motion for new trial. A summons in error was issued, and thereupon, on the application of plaintiff in error, this court, as required by law, ordered a suspension of the execution of the sentence until the hearing and determination of the proceeding in error or the further order of the court.

Through various applications for an extension of time
to file the record and briefs we were advised from time to
time that considerable difficulty was being encountered by
plaintiff in error in obtaining from the official court sten-
ographer, who had reported the proceedings of the trial,
a transcript of the evidence and defendant's exceptions;
and we granted several such applications in order that the
plaintiff in error might not lose his rights in this court
through a failure to file and serve briefs pending the com-
pletion of the record.  It now appears by affidavits on file,
a finding to that effect by the trial judge, and by the ad-
mission of the Attorney General and other counsel for the
State, that the plaintiff in error has been unable to secure
an allowance of a bill of exceptions, and is unable to per-
fect and file in this court a record showing his exceptions
and the errors complained of, through no fault, negligence
or laches on his part or on the part of his counsel; and
a motion has been filed on behalf of the plaintiff in error
herein for an order granting a new trial of the cause on
the ground that without fault on his part, but through the
delay of the official stenographer in furnishing a transcript
of the evidence, and the loss by that officer of the bill of
exceptions and his note books containing the shorthand
notes taken by him of so much of the evidence as had been
transcribed and incorporated in the bill, he has been and
is prevented from securing in the court below a bill of ex-
ceptions, and from filing in this court a record containing
his exceptions.

That motion is not contested.  On the contrary, a paper
has been filed herein entitled, "Answer and Confession of
Error," signed by the Attorney General, who represents
the State in this court, and also by the County and Pros-
ecuting Attorney of Crook County and the special attor-
ney who assisted him in the trial of said cause in the court
below.  It is thereby admitted that there is manifest error
prejudicial to the rights of plaintiff in error in the said
proceedings of the District Court in this cause, and that

the judgment of the said court should be set aside and held for naught. Thereby also said counsel for the State admit that a portion of the stenographer's notes of the evidence taken upon the trial have been lost or mislaid and that by reason thereof a full and complete transcript of the evidence cannot be prepared, certified and submitted for the consideration of this court, and that this proceeding in error cannot be further prosecuted nor fairly determined in the absence of a complete transcript of the evidence. The Attorney General and the other counsel for the State, therefore, on the grounds mentioned, pray that the petition in error be taken as admitted and confessed, the prayer thereof granted, and the case remanded for new trial; and the Attorney General has frankly stated in open court that the facts, in his opinion, entitle the plaintiff in error to a new trial as the only remedy to prevent the disastrous consequences to him that would otherwise follow the deprivation, without fault on his part, of his right to. have the case regularly reviewed upon his petition in error.

In support of the present motion we have been furnished, in addition to such admission of counsel for the State, with the affidavits of counsel for plaintiff in error setting forth the facts in the case in reference to this particular matter, which are not controverted, and also with a copy of an application previously filed in the District Court for a finding by that court or the judge thereof in relation to the loss of the papers referred to. Attached to that application appears to have been an affidavit of the official court stenographer upon which the finding of the district judge was doubtless partly based. That affidavit states in substance that immediately after the denial of the motion for new trial the said stenographer was requested by counsel for plaintiff in error to make a transcript of the testimony in the cause and all other evidence introduced on the trial, with the objections thereto, the rulings of the court thereon, and the various exceptions to said rulings; that he duly proceeded to make said transcript, but by reason

of press of business was unable to complete the same
within the time allowed by the court for the presentation
of the bill of exceptions; that so much of the testimony as
had been transcribed, together with the depositions of wit-
nesses which were read upon the trial, was duly presented
to the trial judge in a bill of exceptions, and that said bill
was thereupon allowed to be withdrawn and was delivered
into the possession of the said stenographer to complete the
transcription of the evidence; that shortly after the same
was withdrawn said stenographer took the same to the
Town of Basin (the county seat of Big Horn County)
some time in the month of October, 1906, intending at that
place to complete the transcription of his shorthand notes
of the testimony; that thereafter he either mislaid or lost
said bill of exceptions, including the depositions, and also
the note books containing his shorthand notes of the testi-
mony previously transcribed, and that he had been unable
to find the same after diligent search, and it had, therefore,
become impossible to make a transcription of the testimony
and evidence in the cause; that the loss of the said bill,
depositions and shorthand notes occurred without any fault
on the part of the plaintiff in error or his counsel.

The material part of the finding of the trial judge upon
this matter is as follows:

"That the said case was tried at the May term, 1906, at
Sundance, Wyoming, and the defendant convicted of the
crime of murder in the first degree; that on the 18th day
of June, 1906, in the same term of court, the motion of the
defendant for a new trial was overruled; that the court at
that time gave leave to the defendant to prepare and present
for allowance his bill of exceptions to and including Octo-
ber 1, 1906; that thereafter and within the time so given,
the time for presenting such bill of exceptions was extended
to October 11, 1906; that upon that date the said bill of
exceptions was duly presented, and was endorsed by the
judge presiding at said trial as so presented on that date;
but it appeared that the same was not complete, as the

stenographer had not completed the transcript of the testimony, and leave was given to withdraw the said bill in order that the same might be completed; that the said bill was then placed in the hands of Timothy E. Kelly, the stenographer who reported the case, in order that the same might be completed; that thereafter, at a time unknown, but before the 12th day of December, a portion of the record so transcribed, together with the original stenographic note books from which the same had been transcribed, containing the testimony of several witnesses who testified on the trial, was either mislaid or lost by said stenographer, or by some unknown person abstracted from his custody, and has not been found; that no duplicate exists of the said record, or the portion thereof which has been lost, and, therefore, the defendant is unable to secure a complete transcript of all the testimony to present with his bill of exceptions; that no further bill of exceptions has been presented to the court or judge." Though the finding does not expressly state that the plaintiff in error has been deprived of a bill of exceptions through no fault of his own, yet we think that fact to be clearly inferable from what is stated.

The motion for new trial was denied June 18, 1906, and time for reducing exceptions to writing was originally given until October 1, and subsequently extended to October 11, 1906, which was well within the period authorized by law for that purpose, since the next term of court in that county would by law convene on the second Monday of November, 1906, and under the statute time might have been allowed until and including the first day of such term, but no longer, for reducing the exceptions to writing and presenting them for allowance, though the court or judge might have taken a greater time after the presentation of the bill to correct the same or have it corrected and to allow and sign it.

It thus appears, first, that solely on account of the failure of the official stenographer, upon due request therefor, to

furnish a complete transcript of the evidence, rulings and exceptions, within the time allowed for presenting the bill of exceptions for allowance, the plaintiff in error was prevented from presenting with his bill all of the evidence which it is admitted was necessary in order to fairly present for review his exceptions taken upon the trial; and, second, though a bill was presented within the time allowed, and was accepted and received by the judge as such bill, which contained so much of the oral testimony as had then been transcribed, together with all the original depositions that had been read upon the trial, the same has been lost through no fault of plaintiff in error or his counsel, and it cannot be reproduced or duplicated.

It does not appear that any objection was made to the bill of exceptions because of its incompleteness at the time of its presentation, and no objection is here made on the ground that it would not be sufficient in form or contents to entitle the plaintiff in error to require an allowance thereof. That question, however, is immaterial, for, whether the inability of plaintiff in error to obtain his bill of exceptions resulted from the failure or refusal of the official stenographer to furnish a transcript of the evidence and exceptions within the reasonable time allowed for the preparation of the bill or from the subsequent loss of the bill that was presented under circumtsances rendering its reproduction impossible, there would be no difference in the principle to be applied in determining the question now before us. In either event, through no fault of the plaintiff in error or lack of diligence on his part, but through causes over which he had no control, he has been denied the benefit of a bill of exceptions for the proper presentation of the error assigned in this court.

The office of official court stenographer for each judicial district is created by statute and the incumbent of the office is appointed by the district judge. The statute requires that such stenographer shall remain in attendance on the court, and take full stenographic notes in cases tried during

said attendance, of all testimony or admissions made by either side, objections to the introduction of testimony, the rulings of the court thereon, the exceptions thereto, and such other proceedings as the court may direct. "He or she shall preserve and furnish a transcript of said stenographic notes, for all or any part thereof, to any person having an interest therein, upon payment of the fees prescribed by law." It is further provided that all such transcripts of evidence and proceedings certified by the official stenographer shall be received as *prima facie* evidence of the facts, testimony and proceedings set forth in such transcript, when there is attached thereto the certificate of the clerk of the court that the person certifying to the same is the official stenographer of such court. The official stenographer is paid an annual salary by the state. (Laws 1903, Chap. 29.) It is the common practice here, as elsewhere, in the case of employment of official stenographers, for the parties, their counsel, and the court to rely very largely, if not exclusively, upon the notes and transcripts of that officer in making up bills of exceptions, and it is not usual, therefore, for the parties interested in the trial or the judge to take extended notes in longhand or otherwise of the proceedings required to be noted by the stenographer. It cannot be questioned, we think, in view of the statute providing the office and defining the duties of the official stenographer as above stated, that litigants and their counsel are entitled to rely with confidence upon their ability to obtain from that officer upon due request therefor, and the payment of the statutory fees, a transcript of all or any part of the proceedings taken down in shorthand by him. He is an officer of the court and should perform the duties prescribed for his office with fidelity and without unnecessary delay. It is a very important office, and the court, the parties interested in litigation, and the public are interested in the prompt and faithful discharge of the duties thereof. There is no more reason for permitting a party to be deprived of his legal rights through a failure or a refusal of

.the official stenographer to perform his duties than through the failure or refusal of the judge or any other officer of the court to perform a duty imposed by law.

Limited only as to the method and time for bringing the proceedings there is now an absolute right of appeal to this court in criminal cases. Until 1901 such cases were reviewable on error only by writ of error, which writ was allowable by this court or any justice thereof, on good cause shown, within one year after judgment, on the application of the defendant verified by affidavit and by that of his attorney, if he appeared by attorney, setting forth clearly and concisely the grounds of error of which the defendant complained. (Rev. Stat. 1899, Sec. 5422.) The statute was amended in 1901, and now provides as follows: "In all criminal cases after final judgment and within one year after the rendition of the judgment, proceedings to vacate, modify or annul such judgment·may be begun in the Supreme Court by petition in error in the same manner as is provided for taking civil cases to the Supreme Court under the laws of this state." (Laws 1901, Chap. 63, Sec. 1.) There is not now required, therefore, any previous order by this court or any justice thereof, or any other judicial authority, to permit the institution of proceedings in error in a criminal case. The right to file a petition in error and have summons in error issued, and thereupon to secure a suspension of the execution of the sentence, has been enjoyed and exercised by the plaintiff in error in this case; but the general and familiar principle that error is not to be presumed and must affirmatively be shown by the record has been frequently asserted and enforced by this court, and we doubt if under any circumtsances it would be proper to reverse or annul a judgment on the ground of error in the absence of an affirmative showing upon the mere presumption that error may have been committed. The right granted by the statute is to have the final judgment reviewed, and, in case of error, vacated, modified or annulled, and it is evident that, though a convicted defendant be permitted to file a

petition in error, if he be prevented, through no fault of his own, of having made up and filed in this court a proper record necessary for a review of the judgment, he will have been deprived of the right of appeal granted by the statute.

Both parties agree that because of the inability of the plaintiff in error to furnish the necessary record, resulting from the unfortunate circumstances above set forth, a new trial should be granted, and there can be no reasonable objection on the part of the court to the making of such an order in this case if it has such power. The sole question, therefore, which we think requires much discussion is whether or not, upon the facts aforesaid, it is within the jurisdiction of this court to afford the remedy suggested.

It seems to be well established as a general rule that where a party has lost the benefit of his exceptions from causes beyond his control a new trial is properly awarded. That rule has been recognized and applied more frequently perhaps in cases where the loss of the exceptions has occurred through death or illness of the judge, whereby the perfection of a bill of exceptions has been prevented. But a reference to the cases will show that various other circumstances have been held sufficient to authorize the application of the rule in order to prevent the miscarriage of justice or the deprivation of the legal right of appeal. (Crittenden v. Schermerhorn, 35 Mich., 370; Newton v. Boodle, 54 E. C. L., 795; Bennett v. Steamboat Co., 84 E. C. L., 29; Hume v. Bowie, 148 U. S., 245; People ex rel. v. Superior Court, 40 Mich., 630; People ex rel. v. Superior Court, 41 Mich., 726; Isler v. Haddock, 72 N. C., 119; Mason v. Osgood, id., 120; Shelton v. Shelton, 91 N. C., 389; Sanders v. Norris, 82 N. C., 243; Henrichsen v. Smith (Ore.), 44 Pac., 496; State v. Parks, 109 N. C., 821; Taylor v. Simmons, 116 N. C., 70; Borrowscale v. Bosworth, 98 Mass., 34; Fire Assn. v. McNerney (Tex. Civ. App.), 54 S. W., 1053; Nelson v. Marshall (Vt.), 58 Atl., 793; Tramell v. State, 1 Tex. App., 121; Ruston v. State, 15 Tex. App., 336; Babb v. State, 8 Tex. App., 173;

Henderson v. State, 20 Tex. App., 304; State v. Reid, 67
Mo., 36; Gaiter v. State, 45 Miss., 441; State v. Bess, 31
La. Ann., 191.)

In a civil case this court deemed itself authorized to
modify the judgment complained of on error in conse-
quence of matters occurring after the rendition of the
judgment in order to prevent a miscarriage of justice and
render it possible for the judgment, which was one in man-
damus, to be carried into execution. (Diefenderfer et al. v.
State ex rel., 14 Wyo., 302.)

No doubt seems to have existed in England of the right
to grant a new trial in order to relieve one complaining of
a judgment from the consequences of the loss of a bill of
exceptions through no fault of his own. In the case of
Newton v. Boodle, *supra,* Wilde, Chief Justice, said: "If
it should turn out, upon examination, that the plaintiffs
have, without any fault of their own, but solely from the
circumstances alluded to (the death of the trial judge), lost
the benefit of their bill of exceptions, the court think that
the justice of the case may require that they should have an
opportunity to try the cause again." As a considerable
interval had elapsed between the trial and the death of the
judge, instead of granting a new trial without further hear-
ing a rule was entered requiring the defendants to show
cause why a new trial should not be granted. Upon sub-
sequent hearing it was said by Cresswell, Justice: "The
motion for a new trial is in substitution of the bill of ex-
ceptions, which became abortive by reason of the lamented
death of the late Lord Chief Justice of this court, before it
could be perfected. To relieve the plaintiffs from the dif-
ficulty they were thus placed in, the rule was granted in
its present form."

In the Michigan case of Crittenden v. Schermerhorn,
*supra,* a new trial was granted by the Supreme Court in a
case before it on error for the reason that the bill of ex-
ceptions had been illegally settled by the trial judge after
his retirement from office, under an unauthorized stipula-

tion entered into by counsel. In disposing of the case upon
an objection to the bill, Chief Justice Cooley, delivering the
opinion of the court, said: "The defendant in error now
raises the objection that a stipulation can confer no such
authority. The point is well taken. But it does not follow
that the judgment should be affirmed. On the contrary,
where a party has lost the benefit of his exceptions from
causes beyond his control, it is proper to give him a new
trial; and this we have done in some cases where the judge's
term of office expired before exceptions could be settled.
The judgment will, therefore, be reversed and a new trial
ordered, the costs to abide the event of the suit." In the
Massachusetts case above cited, it was said: "We can have
no doubt that where a party has regularly taken exceptions
in a cause, and has lost the benefit of them without fault of
his own, a new trial may be granted. He has a right by law
to the judgment of the higher court upon the decision by
which he feels himself to be aggrieved; and a new trial may
be his only remedy." (Borrowscale v. Bosworth, *supra*.)
In that case the trial judge to whom the bill of exceptions
had been handed failed to act upon it or restore the same to
the files until after he had resigned his office; and the trial
court, as we understand it, had granted a new trial in con-
sequence of the fact that the complaining parties were
thereby rendered unable to perfect a bill, they not being in
fault, and it was held that said court had authority to make
such an order. In the case of Hume v. Bowie, *supra,* the
Supreme Court of the United States recognized the general
rule, and said: "Ordinarily, where a party, without laches
on his part, loses the benefit of his exceptions through the
death or illness of the judge, a new trial will be granted."
And in Maryland, though an appeal was dismissed because
of the absence of a proper bill, the same having been signed
and allowed after the judge had gone out of office, and it
not being permissible for a bill to be so signed and there
being no authority for the successor of the judge to allow
and sign it, the court of appeals held that the appellant upon

a renewal of its motion for new trial in the court below would be entitled to have it allowed, notwithstanding that the time for such motion had elapsed under the rules and practice of the court. In so holding the court referred in its opinion to the general rule above stated.

In the case of State v. Reid, *supra,* decided by the Supreme Court of Missouri, it appeared that the record of the case was defective, and, upon a suggestion by the appellant of a diminution of the record, a *certiorari* was awarded, to which a return was made to the effect that the office of clerk of court had been broken open and nearly all of the papers in the case stolen. The record sent up in obedience to the *certiorari* was, therefore, more defective than the first. In consequence of the inability to obtain a perfect record a motion filed to reverse the judgment on that ground was sustained. Because of the very defective condition of the record in the Mississippi case of Gaiter v. State, *supra,* the case was remanded by the Supreme Court for new trial. In Texas it appears that a statement of facts is required to be made up and settled in case of appeal, and in several cases in that state, some of which are cited above, where the appellant had not been at fault, a new trial was awarded for the absence of a proper statement of facts, owing to the fault or delay of opposing counsel or the judge. The rule in that state upon the question was stated in Henderson v. State, *supra,* by the Court of Appeals as follows: "We hold, first, that the trial judge of his own motion can order that the statement of facts be filed within ten days after adjournment; second, that unless filed within the ten days this court will not consider it at all; third, if, without fault of appellant or his counsel, the appellant has been deprived of a statement of facts, the judgment will be reversed." In Ruston v. State, *supra,* where the county attorney had declined to sign a statement of facts prepared and presented by counsel for defendant, and had refused to take any action in relation thereto, and the trial judge had likewise declined to act upon the same, the court said: "It

appears that the defendant, without any fault or neglect upon his part, or on the part of his counsel, has been deprived of a most important legal right, and such being the case, the judgment of conviction will be reversed and the cause remanded." There was a like result in Trammell v. State, *supra,* where the district attorney, with full notice of the fact that the defendant had taken an appeal, left for his home in another county before the adjournment of the court, without leaving a statement of the facts in evidence on the trial in the case, and that the trial judge was unable to prepare one. In the recent case in Vermont of Nelson v. Marshall, *supra,* a new trial was granted by the Supreme Court of that state upon the ground that the right of the complaining party to have the cause passed upon in the appellate court in the usual way upon exceptions had been lost without fault on his part. In that case a bill of exceptions had been allowed and signed, but solely by reason of accident or mistake on the part of the judge it could not be and was not filed within the time required by law. In that state, however, it appears that the Supreme Court is authorized by statute to grant a new trial on petition of either party for matter of law, the discovery of new evidence, "or other matter of fact"; and the decision in the case cited seems to have been largely based upon the peculiar wording of the statute as to the power of the court in the premises, though several of the cases herein referred to were cited and quoted from with approval in the opinion, and the court finally observed that the principle which governed in those cases was applicable to the case then before the court, and that "under the system by which, in this state, justice between the parties is administered and upheld, the petitioner had a right to have her exceptions heard in this court. That right was a substantial one, and, it having been lost in the way set out in the petition, a new trial is granted."

In a case decided by the Court of Civil Appeals of Texas, Fire Assn. v. McNerney, *supra,* it appeared that the court's instructions to the jury had been destroyed by fire subse-

quent to the trial, and a motion was made and heard to substitute an instruction in place of one destroyed as a basis for an exception to such charge by the appellant. There was a dispute between the parties as to the correctness of the substituted copy. The trial court refused to substitute the charge as requested on the ground that it had no recollection of having given such a charge as was contended for by the defendant in error, and that the proof offered did not establish the charge contended for by plaintiff in error. The Court of Appeals said with reference to that motion: "We are of the opinion that if the court, upon a hearing of such motion, finds it impossible to supply the lost papers (if the loss is not due to appellant's fault or negligence), a new trial should be granted. A party should not be deprived of his right of appeal by loss of the record due to an accident not chargeable to him." In Nebraska the failure of the official reporter to provide a transcript of the testimony has been held a sufficient ground for new trial. (Curran v. Wilcox, 10 Neb., 449.) But the practice in that state in such cases seems to be a suit in equity to have the judgment set aside and a new trial awarded. We are not advised, however, whether that practice has been adopted or held essential in criminal cases. In Curran v. Wilcox, *supra*, it was held that a party litigant had a right to rely on being furnished with a transcript of the testimony by the court reporter in the preparation of a bill of exceptions. And in State v. Gaslin, 32 Neb., 291, it was said: "A litigant should not be deprived of the right to have his case heard in a court of last resort on account of the failure of the official stenographer to furnish him with a copy of the testimony." (See also Holland v. C. B. & Q. Ry. Co. (Neb.), 71 N. W., 989; Mathews v. Mulford (Neb.), 73 N. W., 661.)

The North Carolina cases above cited fully support the general principle. In Sanders v. Norris, *supra*, a statement of the case on appeal had been made up by the defendant's counsel and duly served upon plaintiff's counsel, who made a counter statement, which statement was then submitted

to the presiding judge to make up the case. The papers were sent by the clerk of the court to the judge, who thereafter either mislaid or lost them, in consequence of which no case was ever settled. The court said: "The defendant is entitled to his appeal, and has lost it by no laches on his part; and in such case it has been the established practice in this court to order a new trial."

The case of Henrichsen v. Smith, *supra,* came before the Supreme Court of Oregon upon an appeal from an order granting a new trial. It appears that the judge who presided at the trial had died without having signed the bill of exceptions which had been duly presented to him, and the judge who succeeded him in office having no knowledge of the trial except such as was obtainable from an inspection of the report of the official stenographer declined to sign the bill, and, upon motion, set aside the judgment and granted a new trial. It was held that the successor of the judge who had tried the action could not be compelled to sign the bill in the absence of a statute making the extended notes of the official reporter conclusive evidence of the facts therein stated; and upon the principle that a party who has lost the benefit of his exceptions without fault on his part is entitled to a new trial, the order granting it was sustained.

There are some authorities to the contrary. In Lidgerwood Mfg. Co. v. Rogers, 56 N. Y. Super. Court, 350, a new trial was refused that had been applied for upon the ground that in consequence of the death of the official stenographer the appellant had been unable to obtain a copy of the minutes of the trial and that he had forgotten the testimony of the witnesses, and was, therefore, unable to make up the case on appeal. Holding that it was the duty of the appellant to make the case, inserting so much of the evidence as he considered material to present the questions involved, and that if the case as proposed did not fairly present the testimony, the respondent could propose amendments, and that it would then be the duty of the judge to settle the case, and that the case could have

been so settled so as to preserve appellant's substantial rights without a transcript of the testimony, since no exceptions appeared to have been taken, either to the admission or rejection of evidence or to the instructions to the jury, the court refused to set aside the verdict. The court, however, observed that the case was very different from those where a bill of exceptions could not be settled or sealed in consequence of the death or disability of the trial judge, thereby depriving the defeated party of the right to present his case to an appellate court, and that upon the facts in that case no such unfortunate result necessarily followed the failure to obtain the testimony. In several cases, known as the "Stenographer Cases," which were disposed of in one opinion, it was held in Maine that the death of the official court reporter before transcribing his notes of the evidence, and the impossibility of having the same transcribed by others, was not a sufficient ground to authorize the granting of a new trial. The decision, however, was based upon the peculiar jurisdiction of the court and the express provisions of the statute by which the exercise of its jurisdiction was controlled. That court it seems is not a constitutional court, nor a court of original or common law jurisdiction. It is created by statute and has that limited jurisdiction only which the statute has conferred upon it, and has no other authority. It was held that the state had the right in creating the court to limit its powers and to determine the conditions upon which they should be exercised. The opinion refers to the statute declaring the jurisdiction of the court which provided that "the following cases only come before the law court as a court of law: Cases in which there are motions for new trials *upon evidence reported by the justice.*" * * * "All questions arising in equity cases." It was, therefore, held that the only cases in which the court could grant a motion for new trial were those cases in which the evidence had been reported by the justice. (Stenographer Cases, 100 Me., 271.) In a case in Connecticut the complaining party claimed to be entitled to a new

trial on the ground that, without fault on her part, she had become unable, by reason of the death of the trial judge, to complete, as required by statute, a bill for the purpose of having reviewed certain alleged erroneous rulings of the trial court. A motion for such new trial was made in the trial court and the case was reserved for the advice of the Supreme Court. The motion was filed after the time limited for filing motions for new trials. It was held that the motion ought not to be granted. The ground of the decision was in substance that the statute controlled the matter of the granting of new trials, as well as the taking of appeals, and that the statute did not authorize the granting of the motion. The fact that the moving party had been prevented from perfecting her case for appeal without any fault upon her part was disregarded as without merit, the court resting its decision squarely upon the proposition that the right of appeal is merely a statutory privilege, granted to an aggrieved party upon certain conditions which must be strictly complied with; and that as it had become impossible to comply with such conditions, although without fault on the part of the aggrieved party, the right of the appeal was lost. (Etchells v. Wainwright, 76 Conn., 534.)

In the cases above cited, wherein a new trial was granted, the action of the court does not generally appear to have been based upon an express statutory provision authorizing a new trial in such cases, whether the order was made by the appellate court or by the court in which the judgment had been rendered. It is true that in Vermont a statute expressly authorizing the Supreme Court to grant a new trial for "other matter of fact" was held sufficiently broad to include the failure without fault to obtain a bill of exceptions; but generally the new trial appears to have been awarded as the only or most convenient remedy under the circumstances, and as within the inherent or incidental powers of the court.

We find no express provision of our statute authorizing a new trial for the reasons stated in the present motion, nor

do we think this court would have jurisdiction to entertain such a motion as an original proceeding, or independent of a proceeding in error or some other authorized appellate proceeding, for the purpose of relieving one from a judgment rendered by a District Court. The motion here, however, is not an original proceeding. It was filed and we are considering it as incidental to a proceeding in error regularly instituted within the time allowed by law; and this court is vested both by the constitution and the statute with very comprehensive appellate powers. The constitution declares that the Supreme Court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal cases; and, further, that it shall have power to issue writs of mandamus, review, prohibition, habeas corpus, *certiorari,* and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. (Constitution, Art. V, Secs. 2, 3.) Upon the hearing of a criminal case brought to this court by petition in error, the statute provides that the court "shall order the prisoner discharged, a new trial to be had, or," if the punishment be capital, "appoint a certain day for the execution of the sentence," or in other cases of conviction of felony or misdemeanor shall order "the original judgment to be enforced, as," in either case, "the nature of the case may require." (Rev. Stat. 1899, Secs. 5423 and 5424, as amended by Chap. 63, Secs. 2 and 3, Laws 1901.) It is to be observed that the grounds upon which a new trial in such case may be ordered are not stated in the statute, but the language is general and may be construed, we think, to include any cause for which a new trial ought to be granted in the particular case, without violating any constitutional or statutory provision.

It is clear that in any case brought here on error, whether civil or criminal, the court would have the power, in the aid of its appellate jurisdiction, to require the trial court to act upon a bill of exceptions, duly presented to it for allowance, and to sign and allow a bill against which no reasonable

objection could be urged, and, in case of a defective record, to compel the transmission to this court of a true and correct record in any case, if one should be in existence. Such power is certainly comprised within the constitutional declaration that the Supreme Court may issue various writs named and other writs necessary and proper to a complete exercise of its appellate and revisory jurisdiction. Upon the filing of the petition in error and the issuance of a summons in error thereon this court regularly obtained jurisdiction of this cause for the purpose declared by statute of either ordering the prisoner discharged, a new trial to be had, or the original judgment to be enforced, as the nature of the case may require. Incidental to the power to compel a correct record to be sent up, or a bill of exceptions to be settled, is the power, as it seems to us, of ordering a new trial of the cause, where it is made to appear that the only record in the cause has been destroyed without possibility of substitution through no fault of the appellant, or where, without fault on the part of the appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident or act of providence for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered. In the English case of Newton v. Boodle, above referred to, the motion for new trial was said by one of the justices to have been in substitution of the bill of exceptions which had become abortive on account of the death of the judge whose duty it would have been to settle the same.

The plaintiff in error here has been convicted of a capital offense and has been sentenced to suffer death by hanging, and we must order the execution of that sentence, unless a new trial may be granted for the reasons set forth in the present motion, since there is no record before us, and without a proper record a different disposition of the cause would be unauthorized upon the questions presented solely by the petition in error. That a record cannot be made up

is not the fault of plaintiff in error or his counsel; in no way have they or either of them contributed to the causes rendering it impossible to have the case regularly heard upon the errors assigned. On the contrary, it appears that they have used all due diligence in the matter. Under such circumstances it would be a gross perversion of justice to throw the burden of this unfortunate condition of affairs upon the plaintiff in error, and deny him the statutory right to have the proceedings of his trial reviewed by the court of last resort. Both upon reason and authority we are convinced that such a manifest injustice ought not and need not be permitted.

It is, of course, true that in all cases a transcript of the stenographer's notes of the testimony may not be necessary to the preparation of a bill, especially where the evidence is not voluminous. It is also true that the authentication of the evidence in a bill of exceptions is the signature of the judge rather than the certificate of the stenographer, the latter being more for the information of the parties and the judge in settling the bill; but in criminal cases, under our statute, where an exception is taken to the overruling of a motion for new trial because the verdict is not sustained by sufficient evidence, or is contrary to law, the bill is required to contain all the evidence. (Rev. Stat. 1899, Sec. 5377.) The original motion for new trial has been sent to this court as one of the original papers in the case. It is, however, not properly a part of the record for the consideration of the error assigned upon the order overruling it; and for that purpose under our rules of practice it could not be considered until embraced in a bill of exceptions. But we think it may be considered under the circumstances of this case, together with the other papers on file, in passing upon the necessity of a bill to present the error assigned; and, by referring to the motion, we are advised that among the grounds set forth are that the verdict is contrary to law, and is not sustained by sufficient evidence. One ground of the motion alleged error in overruling the defendant's chal-

lenge of one of the jurors for cause.  A majority of the other grounds had reference to the admission or rejection of testimony.

We think it sufficiently appears that a bill of exceptions containing all the evidence would be essential to a consideration by this court of the error assigned, and that the plaintiff in error has been prevented, without fault on his part, but through the loss of the proposed bill which had been duly presented, from obtaining a complete and proper bill and record for the presentation of his case in this court. Upon that ground, and for the reasons above stated, we are of the opinion that there should be a re-trial of the cause. The judgment of the District Court will, therefore, be reversed and a new trial ordered.    *Reversed and remanded.*

BEARD, J., and SCOTT, J., concur.