[Civ. No. 2103.   Third Appellate District.—November 15, 1920.]

HATTIE M. SNELL, as Administratrix, etc., Respondent,
v. MABEL NEILSON, Appellant.

[1] NEW TRIAL—LOSS OF STENOGRAPHIC RECORDS.—Where the record of a trial or any substantial portion thereof has been lost or destroyed while in the custody of the official reporter and before it has been properly made up for the purpose of an appeal, a new trial should be granted.

APPEAL from a judgment of the Superior Court of Lake County.   M. S. Sayre, Judge.   Reversed.

1.  Disposition of appeal, or motion for new trial, where without fault of appellant the record is lost or incomplete, notes, 13 A. L. R. 102; 25 L. R. A. (N. S.) 860; L. R. A. 1915B, 353.

The facts are stated in the opinion of the court.

H. B. Churchill and Cleveland R. Wright for Appellant.

H. V. Keeling, C. M. Crawford and Ben C. Jones for Respondent.

HART, J.—Plaintiff, as administratrix of the estate of Glenn Snell, deceased, brought this action against the defendant in claim and delivery for a Ford automobile alleged to be the property of the deceased, Glenn Snell, at the time of his death. The answer denied ownership in the plaintiff and alleged that the property belonged to the defendant, Mabel Neilson, she having obtained title by gift from the deceased, her fiance. Judgment was rendered in favor of the plaintiff. Defendant made a motion for a new trial, which was denied, and then took an appeal from the judgment under section 953a of the Code of Civil Procedure, and demanded of the clerk that he prepare a typewritten transcript.

Glenn Snell died intestate on May 7, 1918, in the county of Lake, state of California, and his mother, Hattie M. Snell, was appointed administratrix of his estate on June 1, 1918, and letters of administration were issued to her. Thereafter, she made demand on the defendant, Mabel Neilson, for the Ford automobile and accessories, consisting of spotlight, storage batteries, automobile rims, fire-extinguisher, robe, etc. The court found that the Ford automobile had never been delivered, but found that the spotlight had been delivered, and gave judgment to the plaintiff for the Ford automobile and accessories, and judgment to the defendant for the spotlight. The defendant took an appeal under the new method, section 953a of the Code of Civil Procedure, within the required time, and demanded that the clerk prepare a transcript of the testimony offered and taken, evidence offered and received, and all rulings and instructions, and all objections and exceptions of counsel. The court reporter made affidavit that he had lost his notes, with the exception of those of the testimony of one witness (the defendant herself), and could not make up the transcript of the testimony required by section 953a of the Code of Civil Procedure. Counsel for the defend-

ant also made affidavit that he did not remember the testimony of the different witnesses and could not make up a statement of the case for that reason.

Counsel for appellant make two points for a new trial: (1) Defendant should have been granted a new trial when it was made to appear that the court reporter's notes had been lost; (2) Judgment should have been in favor of the defendant, because the evidence presented shows that there was a gift and delivery of the Ford automobile.

Counsel for plaintiff and respondent have filed no brief in the cause.

While the defendant testified positively that the deceased gave her the automobile, it is not clear from her testimony that there was such a delivery of the car to her by the deceased as to constitute it a legal gift. "A verbal gift is valid where the means of obtaining possession and control of the thing are given, or where, if the thing is capable of delivery, there is an actual or symbolical delivery of the thing to the donee." (Civ. Code, sec. 1147.) The court could apparently have justly found from the testimony of the defendant that the deceased told her that he intended to make her a present of the car as soon as she learned to operate it, but, according to her testimony, the actual possession of the car was at all times in the deceased, he having habitually used it for his own purposes.

[1] But we think that there can be no doubt but that the court should have granted the defendant a trial of the cause *de novo* on the showing made, on her motion for a new trial, that a considerable portion of the testimony offered and received and the other proceedings in the trial were not available to her for the purpose of making up a proper record either for the motion or an appeal, for the reason that the phonographic report of said testimony and proceedings had been lost, and could not be found by the official court reporter in time for the preparation of such record.

As shown, there were filed and presented on the motion an affidavit by said stenographer and also one by the attorney for defendant showing the loss of the stenographer's shorthand notes of the testimony and proceedings received and had at the trial. The stenographer, in his affidavit, deposed that he officially reported the testimony and the proceed-

ings in shorthand, taken and had in the trial of this case; that, after the trial and judgment entered against the defendant, demand, as required by law, was made upon him to transcribe into longhand the shorthand notes of said evidence and proceedings so taken and had; that "during the meantime deponent moved his office to another location and took with him what he supposed to be all of his documents and papers, but upon making due and diligent search he finds the fact to be that the shorthand notes made at said trial have been lost and cannot be found; and deponent further states the fact to be that the defendant, Mabel Nielson and her attorney, H. B. Churchill, Esq., or either of them, directly or indirectly, never had possession or control of said shorthand notes and that said defendant or her attorney is not responsible for the loss of the said shorthand notes, and that no other person is responsible for said loss except this deponent."

The attorney for defendant, in his affidavit, deposed that he made a demand for the transcript by the official reporter of the court of the evidence, proceedings, etc., taken and had in the trial of the case; that he was informed by said reporter that the shorthand notes of said evidence and proceedings had been lost and were beyond recovery; that said defendant intended to appeal from the judgment rendered and entered against her in said case, "but cannot now do so by reason of the loss of said shorthand notes"; that "a great many material witnesses testified at the trial of said cause, and deponent, representing said defendant, relied entirely for the preservation of the testimony given and the proceedings had upon the shorthand notes taken at said trial; that some three months have elapsed since the trial, and by reason of such lapse of time, and by reliance upon said notes aforesaid, a large portion of the material evidence given and of the proceedings had and taken, including objections and exceptions, etc., made and taken, have entirely gone from deponent's mind and memory, and that by reason of the facts aforesaid, deponent believes that a record of the testimony given and proceedings taken cannot now be made."

The plaintiff filed adversary affidavits—one by the official reporter and another by the attorney for plaintiff. In the former's affidavit, as in the latter's, it is stated that the

testimony of the defendant was, immediately upon the close of the trial, transcribed by the reporter at the request of the attorney for plaintiff and a copy thereof given to the latter. It is further stated in said affidavit, upon information and belief, that before the motion for a new trial was made; the attorney for defendant knew of the existence of said transcript of defendant's testimony and that it was in possession of plaintiff's counsel, but that the attorney for defendant never at any time requested the former to permit him to examine said testimony or to have the use thereof, although, it is further stated, affiant was "entirely willing at all times to have delivered to said H. B. Churchill for use and examination by him" said transcript and testimony. It is further deposed by plaintiff's attorney that the single issue in the case was as to the ownership of the automobile in dispute and that defendant's was the only testimony received at the trial on her behalf bearing upon that issue and supporting her defense; "that none of the testimony of the other witnesses upon the trial of said case was, or is, material to the issue involved."

The certificate of the judge by whom the case was tried certifying to the correctness of the record as it is embraced in the transcript before us states that there were nine witnesses (naming each) whose testimony does not appear in the transcript for the reason that the said testimony "has been lost by the stenographer who took the testimony offered at the trial."

Even if it may be proper to assume that the trial court would in any event have denied the defendant's motion for a new trial, we think that, upon the showing made that the official stenographer's notes of the testimony of a large number of the witnesses had been lost before he had the opportunity to transcribe the same into longhand, a new trial should have been granted for the purpose, even if for no other, of enabling the defendant to prepare a proper record on appeal. We are not unmindful of the statement in the affidavit of the attorney for the plaintiff that the testimony not transcribed for the reason stated was not material to the issue, from which statement it is to be inferred that the theory is that, so far as the evidential features of the case are concerned, the defendant, neither

in the prosecution of her motion for a new trial before the court below nor in the prosecution of an appeal from the judgment in the appellate court, could be benefited or aided in any degree by the testimony not transcribed. But it may be assumed that the testimony referred to was regarded by the trial court as being material, since it appears to have been received into the record. At any rate, it became a part of the record of the case, and whether it was or was not material to the issue made by the pleadings, the defendant was entitled to have it transcribed and duly authenticated as a part of the record on appeal. Section 953a of the Code of Civil Procedure provides that when an appeal is taken according to the method prescribed thereby, it is the duty of the court, upon a demand being made therefor by the losing party after a notice by the latter that he intends to appeal from the judgment, to require the stenographic reporter of the court to transcribe fully and completely the phonographic report of the trial, consisting of "a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts, or statements of the court, also all objections or exceptions of counsel and all matters to which the same relate." Thus it is plain that the vanquished party in a trial, if he desires and intends to have the judgment against him reviewed by the courts of last resort under the system established by section 953a, *supra,* is entitled to take before the court of appeal everything that has been done and said under the sanction of the trial court in the trial. The mere statement in an affidavit by the victorious party or even the decision of the trial judge that certain testimony offered and rejected or received has no material bearing upon the issue cannot conclude the losing party as to his right to a full and complete record of the case to support his appeal. Indeed, the very rulings of the court holding certain proffered testimony to be immaterial or otherwise legally objectionable may, as is very often so, involve the very question which it is desired should and which ought to be reviewed. Hence, in the interest of common justice, where, as here, the record of the trial or any substantial portion thereof has been, before it has been properly made up for the purpose of an appeal, and without any fault of the party against whom judgment has gone, lost or

destroyed, a new trial should be granted, if such loss or
destruction has been, as was the case here, called to the
attention of the trial court on a motion for a new trial,
or the judgment reversed for a new trial by the court to
which the appeal has been taken. There is abundant au-
thority for this conclusion.

In *Bailey* v. *United States,* 3 Okl. Cr. 175, [25 L. R. A.
(N. S.) 860, 104 Pac. 917], the supreme court of Okla-
homa has this to say in a case presenting a situation, in
its general aspects, such as we have here, saying: "It seems
to be well established, as a general rule, that where a de-
fendant has done all that the law requires in perfecting
his appeal, and where the record necessary for a review
of the case is lost or destroyed while in the custody of an
official of the court, in order to prevent a possible miscar-
riage of justice by depriving the defendant of his legal
right of appeal, a new trial will be granted."

In *Crittenden* v. *Schermerhorn,* 35 Mich. 370, the bill
of exceptions was, by stipulation of the parties, settled by
the judge who tried the cause after he had retired from
office. Objection raised on appeal that a stipulation could
confer no such authority was sustained, but the cause was
reversed on the ground that the party losing at *nisi prius*
should not be deprived of the benefit of his exceptions for
causes for which he was not responsible. "On the con-
trary," said Cooley, C. J., "where a party has lost the
benefit of his exceptions from causes beyond his control,
it is proper to give him a new trial; and this we have done
in some cases where the judge's term of office expired be-
fore exceptions could be settled."

In *Borroscale* v. *Bosworth,* 98 Mass. 34, 37, it is said:
"We have no doubt that where a party has regularly taken
exceptions in a cause, and has lost the benefit of them
without fault of his own, a new trial may be granted. He
has a right by law to the judgment of the higher court
upon the decision by which he feels himself to be aggrieved,
and a new trial may be his only remedy."

In *Richardson* v. *State,* 15 Wyo. 465, [12 Ann. Cas.
1048, 89 Pac. 1027, 1034], the official stenographer, after
transcribing the proceedings of the trial, as required by a
statute of Wyoming, lost both the transcript and his short-
hand notes of the trial, and after diligent search could not

find the same. The case was one of murder and the appellant had been convicted and sentenced to suffer the death penalty. Reversing the cause because of the inability of the appellant to prepare a proper record on appeal because of the loss of the official court reporter's shorthand notes and the transcript thereof, as above explained, the supreme court, among other things, said: "Incidental to the power to compel a correct record to be sent up, or a bill of exceptions to be settled, is the power, as it seems to us, of ordering a new trial of the cause, where it is made to appear that the only record in the cause has been destroyed, without the possibility of substitution, through no fault of the appellant; or where, without fault on the part of the appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident, or act of Providence, for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered." (See, also, *Hume* v. *Bowie,* 148 U. S. 245, [37 L. Ed. 438, 13 Sup. Ct. Rep. 582, see, also, Rose's U. S. Notes]; *State* v. *Gaslin,* 32 Neb. 291, [49 N. W. 353]; *Fire Association of Philadelphia* v. *McEnerney* (Tex. Civ.), 54 S. W. 1053; *Barton* v. *Burbank,* 119 La. 224, [43 South. 1014]; *Tegler* v. *State,* 3 Okl. Cr. 595, [139 Am. St. Rep. 976, 107 Pac. 949]; note to *Bailey* v. *United States,* 25 L. R. A. (N. S.) 860.)

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial.

Prewett, P. J., *pro tem.,* and Burnett, J., concurred.