[S. F. No. 10046.  In Bank.—October 16, 1922.]

E. F. DIAMOND, as Administrator, etc., Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] NEW TRIAL—INABILITY TO OBTAIN TRANSCRIPT—DEATH OF RE-PORTER—UNAUTHORIZED GROUND.—The causes for which a new trial may be granted are enumerated in section 657 of the Code of Civil Procedure and the inability of a party to present a bill of exceptions, or a transcript of the evidence, by reason of the death of the shorthand reporter, or for any cause, is not one of them.

[2] ID. — IRREGULARITY IN PROCEEDINGS OF COURT — MATTERS OCCUR-RING DURING TRIAL.—The ground of "irregularity in the proceedings of the court" upon which the court is authorized to grant a

2. Disposition of appeal or motion for a new trial where because of death of the official stenographer the record is lost or incomplete, notes, 25 L. R. A. (N. S.) 867; L. R. A. 1915B, 356.

Right to new trial where benefit of exceptions is lost from causes beyond control of party, notes, 12 Ann. Cas. 1056; 21 Ann. Cas. 262,

motion for a new trial clearly relates to matters occurring during the trial and not after it, and the fact that an aggrieved party has, by the death of the stenographer who reported the case, been prevented from obtaining a transcript of the proceedings and testimony taken, preparatory for a motion or for an appeal is not a matter occurring during the trial.

[3] ID.—PREPARATION OF RECORD—METHODS.—An aggrieved party is not deprived of his remedy looking to an appeal by the death of the shorthand reporter and the inability to secure a transcript of his notes, as the preparation of the record from such transcript is not the only method.

[4] CERTIORARI—ORDER GRANTING NEW TRIAL.—In view of the amendment of 1915 to section 963 of the Code of Civil Procedure disallowing an appeal from an order granting a new trial where the action is tried by the court, *certiorari* to review such an order will issue where the motion is granted for a cause not designated by the statute.

[5] ID.—ISSUANCE OF WRIT—RECITALS IN ORDER.—*Certiorari* will only lie to annul an order granting a new trial in an action tried by the court, where the order shows on its face that the motion was granted solely on a ground not covered by the statute. (On denial of rehearing.)

PROCEEDING in Certiorari to review an order granting a new trial. James M. Troutt, Judge. Order annulled.

The facts are stated in the opinion of the court.

Charles J. Heggerty and Wm. M. Madden for Petitioner.

E. T. Cooper and H. K. Eells for Respondents.

WASTE, J.—Petitioner applies for a writ of *certiorari* to annul an order of the superior court granting a new trial, or, in the alternative, for a writ of mandate requiring the trial court to vacate such order. In an action wherein E. F. Diamond, as administrator, the petitioner here, was plaintiff, and Edward H. Geib was the defendant, the court sitting without a jury, judgment was entered in favor of the plaintiff and against the defendant. Thereafter defendant filed his notice of appeal under the alternative method, and duly demanded a transcript of the evidence and proceedings. He also served and filed his notice of intention to move for a new trial, the notice setting forth all the statutory grounds, specifying many particulars

wherein the decision was against law, many alleged errors of law occurring at the trial, and, in addition thereto, as ground for such new trial, the death of the court reporter and the defendant's inability to secure any record of the evidence or proceedings. In support of the last ground, affidavits were filed, showing that the reporter had died about eighteen months previously, without transcribing the testimony, and that no one else could read his notes. These facts were known to the defendant before he took any steps toward a new trial or appeal, and it seems that he made no effort to prepare or have settled a bill of exceptions. In due time the court granted the motion. The order for a new trial, which is the matter here under review, is in the following language:

"In the above cause, the motion of the defendant Geib for a new trial, upon the following grounds, to wit: that he was prevented from having a fair trial because of irregularity in the proceedings of the court, irregularity in the proceedings of the adverse party, orders of the court, abuse of discretion by the court, and upon the grounds of accident, surprise, newly discovered evidence, insufficiency of the evidence to justify the decision, that the decision is against law, and errors of law occurring at the trial and excepted to by defendant, is hereby denied; and that the said motion for a new trial is hereby granted solely and only upon the ground that the court stenographer who took the testimony died before the judgment and decision, and it is impossible to have the testimony transcribed and that his notes cannot be read or transcribed."

In seeking to have the order annulled, petitioner contends that the jurisdiction of the court to grant a new trial is limited strictly to the grounds therefor specified in the statute, and as the respondent denied the motion as to all those grounds, and granted it solely upon a ground not so specified, its action in so doing was in excess of its jurisdiction.

The question presented by the application has never before been considered by this court. Respondent relies on a decision of the district court of appeal, holding that where a party desiring to appeal was unable to procure a transcript of the evidence, owing to the loss of the reporter's notes, a motion for a new trial should be granted.

(*Snell* v. *Neilson,* 50 Cal. App. 27 [194 Pac. 530].) The court in that case advanced no statutory authority for its opinion, and relied solely upon decisions from other jurisdictions, to the effect that, under such circumstances, not to grant a new trial would work an .injustice to a party through no fault of his own. A hearing in this court was not petitioned for after the decision in the district court, and the ruling has stood unchallenged until the present time. We have carefully considered the opinion referred to, and have examined many of the cases cited by the court. From such consideration and examination, in the light of the enactments of the legislature of this state, as construed by this court, we are satisfied that *Snell* v. *Neilson, supra,* should not be considered an authority on this point. It is a distinct departure from the general understanding of appellate procedure which prevails in this state, to the effect that when a party has failed to preserve his exceptions by a bill of exceptions, transcript of the evidence, or other statutory method, the motion for a new trial will be denied or the appeal dismissed.

The authorities are not agreed on the question. From the cases cited in *Snell* v. *Neilson,* many of which are considered in *Richardson* v. *State,* 15 Wyo. 465 [89 Pac. 1027], and in the note to that case found in 12 Ann. Cas. 1056, all from other jurisdictions, there seems to be a divergence of opinion on the question. According to many of the decisions the rule, as announced in the above case, is that where a party has lost the benefit of his exceptions from causes beyond his control, a new trial is properly awarded. We have not examined all of the decisions which appear to support that rule. Some of them appear to be based upon the fact that in the instance there considered, the complaining party was absolutely precluded from presenting the merits of his contention to the appellate tribunal otherwise than through the medium of the particular record he alleged himself unable to furnish. Others rest upon the circumstance that the statutes in those jurisdictions do not define the causes for which a new trial may be granted, thereby permitting a freedom of interpretation as to what is cause for a new trial. Still others depend upon the fact that the appellate courts in such jurisdictions have independent powers to grant new trials. The supreme court of Con-

necticut, which had occasion to examine this question, upon the appeal of a party deprived of the opportunity to present a bill of exceptions because of the death of the judge who tried the case, refused to follow the rule announced in these decisions, and · concisely expressed our own view as to their weight, saying: "Rulings in other jurisdictions, to which our attention has been called as applicable to the case before us, are so generally based upon statutory regulations or rules of court in regard to appeals and new trials different from our own, as to be of little weight as authorities under our laws and practice." (*Etchells* v. *Wainwright*, 76 Conn. 534, 541 [57 Atl. 121].)

The doctrine announced in *Snell* v. *Neilson, supra,* and followed by respondent has never prevailed in this state. The rule has always been that the right to move for a new trial is statutory and must be pursued in the method pointed out by the statute. (*California Imp. Co.* v. *Baroteau*, 116 Cal. 136, 138 [47 Pac. 1018]; *Simpson* v. *Budd*, 91 Cal. 488, 491 [27 Pac. 758]; *Burton* v. *Todd*, 68 Cal. 485 [9 Pac. 663].) Soon after this court was created it held that the loss of instructions given by the court to the jury was not a ground for a new trial. (*Visher* v. *Webster*, 13 Cal. 58, 61.) In another early case it said that the power to grant a new trial, and the mode of its exercise, are dependent mainly, if not entirely, upon the statute, in both civil and criminal actions, and that the grounds upon which it may be obtained, and the manner of applying for and procuring it, are therein prescribed. (*Dorsey* v. *Barry*, 24 Cal. 449, 455.) It has frequently pointed out that certain causes relied upon by appellants are not statutory grounds for a new trial. (*Kepfler* v. *Kepfler*, 134 Cal. 205, 206 [66 Pac. 208]; *McGuire* v. *Drew*, 83 Cal. 225, 228 [23 Pac. 312]; *Benjamin* v. *Stewart*, 61 Cal. 605, 608.) In another case it said: "That the provisions of the code do define the powers of the court in granting a new trial, and limit the exercise of those powers, we entertain no doubt." (*Townley* v. *Adams*, 118 Cal. 382, 383 [50 Pac. 550].) In considering appeals from orders granting or denying motions for new trial, when such appeals were permissible, this court held that it would consider only such matters as were made grounds upon which the superior court is authorized to grant or deny the

motion. (*Green* v. *Duvergey,* 146 Cal. 379, 384 [80 Pac. 234]; *Crescent etc. Co.* v. *United Upholsterers,* 153 Cal. 433, 434 [95 Pac. 871].)

The legislature has recognized and passed laws in accord with this construction of the law. Realizing that new trials could only be granted in this state on statutory grounds, and that a serious situation was thereby presented in many cases pending in court at the time of the fire in San Francisco in 1906, it enacted a statute providing that when any proposed bill of exceptions, or statement of the case on motion for a new trial was "lost or destroyed by reason of conflagration or other public calamity," and no other record of the proceedings upon the trial could be obtained, the court might grant a new trial if at the time of such loss or destruction the motion was pending. (Stats. 1907, p. 998.) The statute was held by this court to operate retroactively, and to be applicable only to conditions existing at the time of its passage. (*Bassford* v. *Earl,* 172 Cal. 653, 657 [158 Pac. 124].)

[1] The causes for which a new trial may be granted, in this state, are enumerated in section 657 of the Code of Civil Procedure. The inability of a party to present a bill of exceptions, or a transcript of the evidence, by reason of the death of the shorthand reporter, or for any cause, is not one of them. [2] The grounds of "irregularity in the proceedings of the court," upon which the court is authorized to grant the motion clearly relate to matters occurring during the trial, and not after it. It is intended to refer to matters which an appellant cannot fully present by exceptions taken during the trial. (*Woods* v. *Jensen,* 130 Cal. 200, 205 [62 Pac. 473]; *Gay* v. *Torrance,* 145 Cal. 144, 150 [78 Pac. 540].) That an aggrieved party has, by the death of the stenographer who reported the case, been prevented from obtaining a transcript of the proceedings and testimony taken, preparatory for a motion or for an appeal is not a matter occurring during the trial. The causes for which new trials may be granted, described in the section, are only such as show that the parties did not have a fair and full hearing at the first trial.

[3] For another reason the order of the trial court was without justification. All of the cases we have examined which support the rule relied on by respondent rest

fundamentally upon the ground that the appealing party has lost the benefit of regularly taken or allowed exceptions through no fault or negligence of his own. In this case the aggrieved party was not deprived of his remedy looking to an appeal by the death of the shorthand reporter, and the inability to secure a transcript of his notes. He did not thereby lose the right to present his case to the appellate court. There are two methods of taking an appeal in this state, either one of which was available. The defendant, not being able to secure the reporter's transcript, could have prepared from memory, and such notes and data as he had, a proposed bill of exceptions to be used on the motion for a new trial or on the appeal. It would then have been incumbent upon the plaintiff to present such amendments as he saw fit. The proposed bill and the amendments having been presented to the court within due time it would have become the duty of the court to settle the bill. In view of the long delay between the trial and decision this procedure might have been vexatious and inexpedient, but the fact remains that such course was open to the defendant. The only result of the inability to obtain a transcript of the stenographer was to give the parties a little more trouble in preparing the case for the motion or for an appeal. To set aside a judgment on such grounds would be an act of great injustice to the petitioner. (*Lidgerwood Manufacturing Co.* v. *Rogers,* 4 N. Y. Supp. 716, 717.) While the law contemplates that either party may have the stenographer transcribe his shorthand notes, it does not contemplate that such is the only method of preparing a record on appeal. (*Butts* v. *Anderson,* 19 Okl. 367, 372 [91 Pac. 906].)

There may be an occasional hardship in denying a new trial in cases such as this. An injustice might easily be worked if the rule were otherwise. Every presumption is in favor of the fairness, impartiality and regularity of the proceedings of the trial court, which led to the judgment and in denying the motion for a new trial on the grounds enumerated in the statute. The party in whose favor the judgment was rendered, and who successfully resisted the motion for a new trial would, on an appeal, be entitled to the benefit of those presumptions. To permit the application of the rule contended for by the respondent would be to

deprive such party of his judgment, and the intendments in its support, and to force him to re-establish his claim, because, it is asserted his adversary has been, without his own fault, deprived of the means of pointing out errors which are said to have been committed on the former trial. (*Alley* v. *McCabe*, 147 Ill. 410, 415 [35 N. E. 615].) The precise question was presented to the supreme judicial court of Maine. It was asked to remand certain cases for a new trial for the reason that the death of the official court stenographer, before he had transcribed his notes of the evidence, prevented a presentation of the record. The court said: "If we set aside these verdicts as urged, what do we decide? Not that they were wrong, but that they were possibly wrong, and that we can never know certainly whether they were wrong or right. The statute has not vested us with authority to make such a decision. The presumption that a verdict is right until shown to be wrong should protect it at least until the defeated party brings himself within the statute. That he cannot bring himself within the statute is the party's misfortune, and it may be to his injury. But, however grievous it may seem to him, we think the statute has not confided to us the power to relieve him from his misfortune, any more than it has in other instances to relieve litigants of their many other misfortunes. The statute might have done so. The statutes do provide expressly in many cases for relief when parties have lost their rights by accident or mistake. In other instances parties are left to suffer the chances of litigious war, and the hardships, if any, must be borne by those upon whom they accidentally fall." (*Stenographer Cases* [*Morin* v. *Claflin* and other cases], 100 Me. 271, 276 [61 Atl. 782].)

[4] Respondent resists this application upon the ground that jurisdiction to entertain and dispose of motions for new trials is vested in the superior court, and that therefore *certiorari* will not lie, the remedy of the aggrieved party being by an appeal from the order. It relies upon a number of cases so holding, but those decisions are no longer authority on the precise point which arises here. Since the amendment to section 963 of the Code of Civil Procedure (Stats. 1915, p. 209) an appeal is no longer allowed from an order granting a new trial in an action tried by the court. The respondent had jurisdiction to

determine the motion for a new trial, but the exercise of its power to grant the motion was limited to the grounds specified in the statute. When it granted the new trial for a cause not so designated it acted without and in excess of its jurisdiction, and beyond the scope of its power. Under such circumstances *certiorari* will lie. (*Estate of Paulsen*, 179 Cal. 528, 529 [178 Pac. 143].)

The order granting a new trial is annulled.

Wilbur, acting C. J., Richards, J., *pro tem.*, Lawlor, J., and Lennon, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on November 14, 1922:

THE COURT.—It is ordered that the following passage be added to the opinion:

[5] If the order granting the new trial had not shown on its face that it was denied on all the grounds mentioned in the notice of intention, and that it was granted solely on the ground that the court stenographer who took the testimony had died before the judgment and decision, the court would have had jurisdiction to grant the new trial. But since it did show that it was granted solely on a ground not covered by the statute, the court was acting beyond its jurisdiction. It is only for this reason that *certiorari* will lie.

The petition for rehearing is denied.

Shaw, C. J., Lennon, J., Shurtleff, J., Wilbur, J., Lawlor, J., Waste, J., and Sloane, J., concurred.