[Sac. No. 2814. In Bank.—March 19, 1918.]

## IDA I. WILCOX, Respondent, v. ETTA HARDISTY, Appellant.

APPEAL—ORDER DENYING NEW TRIAL.—An order made on December 1, 1917, denying a motion for a new trial was not appealable, in view of the law as it then existed (section 936 of the Code of Civil Procedure as amended by Stats. 1915, p. 209).

ID.—APPEAL FROM JUDGMENT—MATTERS REVIEWABLE ON.—It was the clear intent of the legislature in taking away the right of appeal from an order denying a motion for a new trial, by the amendments of 1915 (Code Civ. Proc., secs. 939, 956, 963), to provide for a review of all matters that might be considered on such an appeal on an appeal from the judgment, and the plain purpose of the last provision of section 939 of the Code of Civil Procedure, as so amended, was to give to the party an opportunity for such a review in any and every case in lieu of the review previously afforded.

ID.—TIME FOR APPEAL FROM JUDGMENT.—Although no appeal from the judgment in a case had been taken at the time of the amendments of 1915, abolishing the right to appeal from an order denying a new trial, and the time for appeal from the judgment, under the law as it existed up to that time, had long since lapsed, where there had been initiated in due time and there was pending until after the change in the law a proceeding on motion for a new trial, an appeal from a judgment taken within thirty days after an order denying a new trial was taken in time.

MOTION to dismiss an appeal.

The facts are stated in the opinion of the court.

R. L. Beardslee, and Nutter & Hancock, for Appellant.

Snyder & Snyder, for Respondent.

ANGELLOTTI, C. J.—This is a motion to dismiss an appeal from a judgment and an order denying a new trial, on the ground, as to the appeal from the judgment, that the appeal was taken too late, and as to the order denying a motion for a new trial, that the same is not an appealable order.

The order denying a new trial was made December 1, 1917, and in view of the law as it then existed, it must be held that no appeal lay therefrom. (*Woodruff* v. *Colyear*, 172 Cal. 440, [156 Pac. 475].)

As to the appeal from the judgment: The judgment was entered April 27, 1911. The appeal therefrom was not taken until December 21, 1917. At the time of the entry of the judgment and until August 8, 1915, the time within which an appeal might be taken from a judgment was limited to six months. Therefore on August 8, 1915, the time for appeal from the judgment had long since elapsed. There was, however, pending at that time a proceeding on motion for a new trial which had been duly instituted, and the law up to that time provided for an appeal from any order that might be made denying or granting the motion. On December 1, 1917, the bill of exceptions to be used on said motion for a new trial was settled and on the same day the motion for a new trial was heard and denied, and the appeal was taken within thirty days thereafter. At its session in 1915, the legislature so changed our law as to abolish the right of appeal from an order denying a motion for a new trial and to provide that such order might be reviewed on an appeal from the judgment, and to further provide in regard to the time within which appeals from the judgment might be taken that "if proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion." (Code Civ. Proc., secs. 939, 956, 963.) This change became effective August 8, 1915, at a time when the appellant's right to appeal from the judgment had long since lapsed. We think it was the clear intent of the legislature, as indicated by this statutory provision, in taking away the right of appeal from the order denying a motion for a new trial to provide for a

review of all matters that might be considered on such an appeal on an appeal from the judgment, and that the plain purpose of the provision that we have quoted was to give to the party an opportunity for such a review in any and every case in lieu of the review previously afforded. Although there was no appeal from the judgment in this case within the time allowed by law, there was initiated in due time and pending until after the change in the law a proceeding on motion for a new trial. By failing to appeal from the judgment and relying entirely on the proceeding on motion for new trial, the appellants waived all right to attack the judgment on any other ground than such as was afforded by their new trial proceeding, and the judgment had become final and immune from attack except in such respects as it might be affected by the determination of the new trial proceeding. With the change in the law the legislature took away all right of appeal from the order that might be made in such new trial proceeding, but in taking away that right we think, in view of the statute, that it was the intention to give the party substantially the same review on appeal that he would have had on the appeal from the order. It did this by giving in such a case a right of appeal from the judgment within the specified time after the order on the new trial proceedings. It was given, as we have heretofore expressly held, for the purpose of allowing the action of the court on the motion for new trial to be reviewed on an appeal from the judgment. It was simply a change in the method of review. It follows that the appeal from the judgment was taken within the time allowed by law.

The appeal from the order denying a new trial is dismissed. As to the appeal from the judgment the motion to dismiss is denied.

Richards, J., *pro tem.*, Wilbur, J., Victor E. Shaw, J., *pro tem.*, and Melvin, J., concurred.

Rehearing denied.