[Civ. No. 3784. First Appellate District, Division One.—April 11, 1921.]

## W. A. BOOLE, Appellant, v. UNION MARINE INSURANCE COMPANY, LIMITED (a Corporation), et al., Respondents.

[1] INSURANCE LAW—CONTRACTS—CONDITIONS.—Contracts of insurance are not different from other contracts, and in the absence of statutory provisions to the contrary, insurance companies have the same right as an individual to limit their liability, and to impose whatever conditions they please upon their obligations, not inconsistent with public policy.

[2] ID.—CONTROL OF PROVISIONS BY FOREIGN LAW.—A contract by an insurance company made in one state and executed elsewhere may, by its terms, incorporate the law of another state and make its provisions controlling upon both insurer and insured.

[3] ID.—CONSTRUCTION OF POLICY—FOREIGN LAWS—VALIDITY OF CONTRACT.—The general rule is that in the absence of statutory prohibition the parties may stipulate that the policy shall be construed and governed by the laws, usages, and customs of a foreign state, and such laws, usages, and customs as are applicable shall be deemed to be a part of the written contract.

[4] ID.—MARINE POLICY—CONSTRUCTIVE TOTAL LOSS—DETERMINATION BY LAW OF ENGLAND—VALID STIPULATION.—A policy of marine insurance providing that the law of England shall govern in the determination of what shall constitute a constructive total loss under the policy is not violative of public policy, notwithstanding the provisions of sections 2705 and 2717 of the Civil Code, which differ from the English law as to what constitutes a constructive total loss.

[5] CONTRACTS—CODE PROVISIONS—WAIVER.—Except where it is otherwise declared, the provisions of the Civil Code with respect to the rights and obligations of parties to contracts are subordinate to the intention of the parties when ascertained in the manner prescribed by the laws relating to the interpretation of contracts, and the benefit of such provisions may be waived, unless such waiver would be contrary to public policy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel Knight, F. Eldred Boland and C. Irving Wright for Appellant.

Farnham P. Griffiths and McCutchen, Willard, Mannon & Greene for Respondents.

WASTE, P. J.—Plaintiff sought to recover under two policies of insurance issued by the defendants, covering chartered freight on the oil barge "Pinta," which was sunk in San Francisco Bay. The jury found that the barge was not such a constructive total loss as to entitle the plaintiff to recover under the terms of the policies, and returned a verdict in his favor for expenses incurred by him in raising the barge, but against him for the other sums asked. Judgment was duly entered. A motion for a new trial was made by plaintiff and denied.

The judgment on the verdict was entered June 19, 1914. Appeal therefrom was not taken until October 15, 1919. On the same day there was taken an appeal from the order denying the motion for a new trial, which was made on September 15, 1919.

In this court the parties have proceeded upon the theory that the proper appeal to be considered is that taken from the order denying the motion for a new trial. We think not. The case falls squarely within the ruling of a recent decision of the supreme court, wherein it was held on facts identical with those presented in the case at bar that the only appeal to be considered was the appeal from the judgment. On the authority of that case, the appeal from the order denying the motion for a new trial is dismissed. (*Wilcox* v. *Hardisty*, 177 Cal. 752, [171 Pac. 947].)

The policies of insurance issued by the defendants to the plaintiff provide that all claims for loss shall be adjusted according to the English law and practice, and that the settlement thereof shall be made in conformity with the laws and customs of England. Conceiving these clauses of the policies to govern the adjustment of the loss in this case, the court instructed the jury that the question of plaintiff's right to recover under his claim of a constructive total loss must be determined by the laws and customs of England, and that under such law there is a constructive total loss of a ship only when the cost of repairs exceeds the value

of the vessel when repaired. It was stipulated that this was the correct statement of the English law, which differs from the California law, which provides that a constructive total loss of a vessel occurs when the cost of repairs would exceed one-half the value of the vessel. (Secs. 2705 and 2717, Civ. Code.) It was admitted at the trial that the "Pinta" was not a constructive total loss under the English law, which was the basis of the court's instruction, and the resulting judgment for the defendants.

Appellant contends, in the first place, that the clauses of the insurance policies requiring that all claims for loss shall be adjusted in conformity with the English law and practice, and that all settlements thereof must be made in conformity with the laws and customs of England, do not, either expressly or by implication, exclude the California code provisions as to what constitutes a constructive total loss; but that the claims arising under such policies shall be settled in accordance with the laws and customs of England only when such laws and customs are not in conflict with the provisions of the code sections, which, he contends, are part of the insurance contracts. If the court shall conclude that, upon a fair construction of the contracts of insurance, the clauses of the policies referred to exclude the California statute law, it is appellant's contention in the second place that these clauses are void as being in contravention of the domestic policy of the state expressed in the code sections.

[1] Contracts of insurance are not different from other contracts. In the absence of the statutory provisions to the contrary, insurance companies have the same right as an individual to limit their liability, and to impose whatever conditions they please upon their obligations, not inconsistent with public policy. (14 R. C. L., pp. 928–930.) In cases of contract, it is well settled that the parties, by their own act and will, may agree to be bound by the law of a foreign jurisdiction, and such law will be enforced in the forum where the parties reside. (*Pritchard* v. *Norton,* 106 U. S. 124, 129, [27 L. Ed. 104, 1 Sup Ct. Rep. 102, see, also, Rose's U. S. Notes].) [2] A contract by an insurance company made in one state and executed elsewhere may, by its terms, incorporate the law of another state and make its provisions controlling upon both the insurer and the insured.

(*Mutual Life Ins. Co. of New York* v. *Cohen,* 179 U. S. 262, 267, [45 L. Ed. 181, 21 Sup. Ct. Rep. 106, see, also, Rose's U. S. Notes].)

[3] The general rule is that in the absence of statutory prohibition the parties may stipulate that the policy shall be construed and governed by the laws, usages, and customs of a foreign state, and such laws, usages, and customs as are applicable shall be deemed to be a part of the written contract. (1 Joyce on Insurance, sec. 231d, p. 617; *New York Life Ins. Co.* v. *Orlopp,* 25 Tex. Civ. App. 284, [61 S. W. 336]; 6 Cooley's Briefs on the Law of Insurance, pars. 652, 653.)

[4] We do not think the authorities relied upon by the appellant remove this case from the application of the general rule. *Progresso S. S. Co.* v. *Marine Ins. Co.,* 146 Cal. 279, [79 Pac. 967], has no application, for the facts are different. In other cases the courts were construing the terms of insurance policies prohibited by express legislative enactments. In *New York Life Ins. Co.* v. *Cravens,* 178 U. S. 389, [44 L. Ed. 1116, 20 Sup. Ct. Rep. 962], and in *Equitable Life Ins. Soc.* v. *Clements,* 140 U. S. 226, [35 L. Ed. 497, 11 Sup Ct. Rep. 822, see, also, Rose's U. S. Notes], the statute of the state of Missouri was being considered, which provided that no policy of insurance issued by any life insurance company authorized to do business in that state should, after the payment of two full annual premiums, be forfeited or become void by reason of the nonpayment of such premiums, but should be subject to certain rules of commutation. As pointed out by the supreme court of the United States in the case last cited, the Missouri statute was mandatory and controlling. We find nothing in our own laws making the provisions of the code defining a constructive total loss, in the case of marine insurance, mandatory upon the parties. Appellant has cited no cases so holding. We are not aware of any legislative declaration that would prohibit the parties to such an insurance policy from contracting that the law of England shall govern in the determination of what shall constitute a constructive total loss under such policy. [5] It is the general rule in this state that, except where it is otherwise declared, the provisions of the Civil Code, with respect to the rights and obligations of parties to contracts, are subordinate to the

intention of the parties when ascertained in the manner prescribed by the laws relating to the interpretation of contracts. The benefit of such provision may be waived by any party entitled thereto, unless such waiver would be contrary to public policy. (Sec. 3268, Civ. Code; *Griffith* v. *New York Life Ins. Co.*, 101 Cal. 627, 640, [40 Am. St. Rep. 96, 36 Pac. 113].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1921.

All the Justices concurred, except Olney, J., who did not participate.