[S. F. No. 11533. In Bank.—June 22, 1926.]

MINNIE SOULES, Respondent, v. M. GLAFKIDAS, Appellant.

[1] Appeal — New Trial — Amendments of 1915 — Intention of Legislature.—In making the amendments in 1915 abolishing the right of appeal from orders denying motions for a new trial, and providing that such orders as well as any order on motion for a new trial may be reviewed on appeals from the judgment, and that if proceedings on motion for a new trial are pending, the time for appeal from the judgment does not expire until thirty

---

1. See 2 Cal. Jur. 828.

days after entry of the order determining the motion, or the termination in the trial court of the proceedings thereon, the clear intention of the legislature was to provide for a review, on appeal from the judgment, of matters that might theretofore be considered on a direct appeal from orders on motion for new trial, the plain purpose of the amendments being to give an opportunity for a review in any and every case, in lieu of the review which was previously afforded.

[2] ID.—ORDER DENYING LEAVE TO AMEND NOTICE OF INTENTION TO MOVE FOR NEW TRIAL.—An appeal does not lie from an order denying a motion for leave to amend a notice of intention to move for a new trial, which motion was heard and denied as part of the proceedings on motion for a new trial.

---

(1) 3 C. J., p. 505, n. 55.   (2) 3 C. J., p. 505, n. 55.

MOTION to dismiss appeal from an order of the Superior Court of the City and County of San Francisco denying leave to amend notice of intention to move for new trial. Franklin A. Griffin, Judge. Motion granted.

The facts are stated in the opinion of the court.

Sloss & Ackerman for Appellant.

Edwin V. McKenzie for Respondent.

WASTE, C. J.—The respondent makes a motion to dismiss an appeal from an order of the trial court denying leave to amend a notice of intention to move for a new trial. The jury returned a verdict in favor of the plaintiff for damages for personal injuries in the sum of ten thousand dollars, and judgment was duly entered. Defendant thereupon gave notice of intention to move for a new trial, to be made on the minutes of the court, upon specified statutory grounds. Newly discovered evidence was not one of these, but, subsequently, and after the expiration of more than ten days after the entry of judgment, the defendant gave notice of a motion for leave to amend his notice of intention to move for a new trial theretofore made, and to be relieved of default. In the proposed amended notice of intention, a copy of which was attached and served with the notice of motion to amend, it was specified that a further ground of the motion for a new trial would be newly discovered evi-

dence, material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial. It was further stated that, as to the additional ground, the motion for a new trial would be made upon affidavits to be filed.

The court denied the motion to amend on the sole ground that it was without jurisdiction for the reason that the motion was made after the expiration of ten days from the notice of entry of judgment. At the same time, and, we may assume, as part of the same proceeding, it denied the motion for a new trial. The defendant appealed from the judgment, and, by a separate appeal, from the order denying his motion for leave to amend. The appeal from the judgment was dismissed on the uncontested motion of respondent who now moves to dismiss the appeal from the order on the ground that, since certain amendments were made to the code sections relating to appeals, in 1915, no appeal lies from an order of a trial court refusing permission to amend a notice of intention to move for a new trial.

[1] Appellant, in support of his appeal, and in opposition to the motion to dismiss, contends that the order is appealable under section 963, subdivision 2, of the Code of Civil Procedure, which provides that an appeal may be taken from a special order made after final judgment. He contends that such an order was appealable prior to 1915 and that its status as an appealable order was not changed by the amendments. We have followed with much interest appellant's argument, beginning with the assumption that such an order was appealable prior to the changes made in the law of 1915, but fail in our appreciation of the contention made by him. By the amendments in question, the legislature abolished the right of appeal from orders denying motions for a new trial, and provided that such orders may be reviewed on appeals from the judgment. The court may now, on an appeal from the judgment, "review any order on motion for a new trial." (Code Civ. Proc., sec. 956.) If proceedings on motion for a new trial are pending, the time for appeal from the judgment does not expire until thirty days after entry of the order determining the motion, or the termination in the trial court of the proceedings thereon. (Code Civ. Proc., sec. 939.) The clear intention of the legislature in making these amend-

ments was to provide for a review, on appeal from the judgment, of matters that might theretofore be considered on a direct appeal from orders on motion for new trial.    The plain purpose of the amendments was to give an opportunity for a review in any and every case, in lieu of the review which was previously afforded.    (*Wilcox* v. *Hardisty*, 177 Cal. 752, 753 [171 Pac. 947]; *Boole* v. *Union Marine Ins. Co.*, 52 Cal. App. 207, 208 [198 Pac. 416].)

[2]    This case seems to fall squarely within the provision made by the amendments.    The motion for leave to amend the notice of intention to move for a new trial was heard and denied as part of the proceedings on motion for a new trial.    Appellant had ample opportunity to have the action of the trial court, in refusing leave to amend, reviewed on the appeal from the judgment.    That appeal having been dismissed, to permit another effort of review would be to do violence to the plain intention of the legislature in making the vital amendments to the procedure relating to appeal to which we have referred.

The motion to dismiss is granted.

Richards, J., Curtis, J., Seawell, J., Shenk, J., and Finlayson, J., *pro tem.*, concurred.