[Civ. No. 6721. Second Appellate District, Division Two.—May 5, 1931.]

D. W. HOLLENBAUGH, Respondent, v. OLIVER WICK-ERSHEIM, Appellant.

Paul Nourse and Forrest A. Betts for Appellant.

Goer & Eaton, R. Goer and Eldred L. Eaton, for Respondent.

CRAIG, J.—An automobile driven by the appellant herein collided with another driven by respondent, who was by a jury awarded damages for injuries alleged to have been sustained by the latter. Motions for nonsuit, an instructed verdict in favor of the defendant, and for a new trial were denied. The defendant appealed from each of the orders denying said motions, and from the judgment.

It has repeatedly been held that it was clearly the intent of the legislature in abolishing appeals from such intermediate orders that all matters embraced within their purview should be considered upon appeal from the judgment. (*Green* v. *Duvergey,* 146 Cal. 379 [80 Pac. 234]; *Wilcox* v. *Hardisty,* 177 Cal. 752 [171 Pac. 947].)

The facts disclosed by the deposition of the plaintiff, and upon his cross-examination by the defendant's counsel, are not contradicted. He was proceeding in a southerly direction along the westerly side of Whittier Boulevard, in the city of Whittier, and as he approached Penn Street he

slackened his speed, indicating by his left arm and hand that he intended to turn toward the left, crossed the railroad tracks to the easterly side of the boulevard, and after looking down the street was proceeding toward the entrance of Penn Street, when the defendant's car, going northerly on Whittier Boulevard, struck his machine and overturned it. He testified that as he turned one car passed him, and that no other was nearer than fifty yards distant, that he signaled with his hand for a distance of about one hundred feet, and was looking at the "button" as he turned. To quote him, "I had my hand out, and looking for this button, and throwed my eyes up to see if there was any coming down on that side of the tract. . . ." There was one "away up the street, but none close. . . . and was just going to take the steering wheel with the other hand . . . to make a square turn up around the button, up Penn Street. That's all I know about it." It is unnecessary to recite the details of respondent's evidence in the main. Appellant elicited the foregoing facts from the plaintiff, and offered no other evidence in person nor by witnesses.

Respondent estimated that the other machine which he saw "was coming a pretty lively speed" that it "must have been coming pretty fast"; he attempted to mark locations upon a map, but was inaccurate in directions and distances. These and other instances of asserted inconsistencies or conjectures are urged, and decisions in contested cases are quoted, as tending to weaken the evidence or render it as appellant contends, insufficient to support the judgment. These matters were entirely for the court and for the jury in the court below. Discrepancies in the testimony of laymen are not unusual, nor are they always vital. That the evidence adduced by the plaintiff, a portion of which is quoted herein, unquestionably preponderated in his favor, and standing undenied must be accepted as true, is too obvious to merit discussion or the citation of authority.

It is further insisted that the trial court erred in giving an instruction directing a verdict for the plaintiff. We are unable to find such instruction in the record. Taken as a whole the instructions, a large percentage of which were prepared and requested by the defendant, repeatedly directed that if the jury should find from a preponderance of the evidence that the plaintiff was negligent

in any manner and that such negligence contributed proximately, no matter how slightly, to the accident, in that event the plaintiff could not recover. An instruction quoted by appellant as having been prejudicial because it directed a verdict for the plaintiff was advisory only as to the method by which they might arrive at the amount of damage in the event that they should upon the evidence and under the instructions of the court find a verdict in his favor.

Finally, it is contended that the verdict of $7,500 was excessive. It appeared that the plaintiff was a man seventy-six years of age, in good health, and capable of earning from three dollars to nearly four dollars per day. He suffered through the defendant's negligence fractures of three vertebrae, numerous serious cuts and bruises, and internal injuries, many of which injuries were permanent. We find nothing in the amount of the verdict to warrant a reversal.

The judgment is affirmed. The appeals from orders denying an instructed verdict, a nonsuit, and a motion for a new trial are dismissed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1931.