[Civ. No. 634. Fourth Appellate District.—January 13, 1933.]

ROY H. MOORE, Respondent, v. SPECIALTY OIL TOOL COMPANY (a Corporation), Appellant.

John J. Beck for Appellant.

Leonard Evans for Respondent.

JENNINGS, J.—The appeal herein is presented by the defendant from a judgment rendered in favor of plaintiff for the full amount demanded in the complaint. ██ Since the appeal is taken on the judgment-roll alone it is conceded by defendant that, in accordance with the well-established rule, the court's findings are conclusively presumed to be supported by the evidence produced during the trial (*Ochoa* v. *McCush*, 213 Cal. 426, 430 [2 Pac. (2d) 357]). Inspection of the findings and of the pleadings filed in the action impels us to the conclusion that the appeal from the judgment must fail. In connection with its appeal herein from the judgment, defendant, however, urges that the court erred in denying a motion for a new trial.

Judgment in respondent's favor was rendered on March 4, 1930. Notice of entry of the judgment was given on March 7, 1930. Written notice of appeal and request for the preparation of a transcript in accordance with the provisions of section 953a of the Code of Civil Procedure was filed on March 15, 1930. Because of the death of the official court reporter who had reported a portion of the testimony given during the early part of the trial and the inability of other reporters to read the shorthand notes of the deceased reporter, it was impossible to prepare a full, true transcript of the testimony which was given. A transcript purporting to contain a full and correct record of the proceedings, with the exception of that portion reported by the deceased reporter, was prepared and was presented to the judge who had presided during the trial. Respondent objected to the certification by the court of the transcript and the objection was sustained. Appellant thereupon filed with this court a petition for a writ of mandate directed to the judge who had tried the cause requiring him to certify to the correctness of the transcript prepared and presented as aforesaid. Appellant's petition for the writ was denied and an application to have the cause heard in the Supreme Court was denied on November 27, 1931 (*Specialty Oil Tool Co.* v. *Ames*, 117 Cal. App. 283 [3 Pac. (2d) 977]). On October 23, 1931, more than nineteen months subsequent

to the entry of judgment, appellant gave notice of its intention to move for a new trial on the ground that it was impossible to have prepared a full transcript of the proceedings which had occurred during the trial of the action because of the death of the reporter. The notice thus given stated that it would be based on the provisions of section 953e of the Code of Civil Procedure. The record herein shows that the motion was heard November 6, 1931, and that it was denied. On December 7, 1931, appellant applied to this court for a writ of mandate directing the trial court to grant appellant's motion for a new trial on the ground that the provisions of section 953e of the Code of Civil Procedure are mandatory. The application was denied on December 9, 1931.

■ In support of the appeal from the court's order denying the motion for a new trial it is urged, first, that the provisions of section 953e of the Code of Civil Procedure are mandatory, and, second, that, if it be held the provisions of the above-cited section are not mandatory and serve to repose in the trial court a discretion in the matter of granting or refusing a new trial, then, under the circumstances which here appear, the court abused its discretion.

Prior to 1931 a trial court was without jurisdiction to grant a new trial in a case where, because of the death of a court reporter who had participated as a stenographic reporter during the trial, a reporter's transcript could not be prepared (*Diamond* v. *Superior Court*, 189 Cal. 732 [210 Pac. 36, 39]). The legislature of California in 1931 added a new section to the Code of Civil Procedure numbered 953e. This section is in the following language:

"Death or disability of reporter. When it shall be impossible to have the phonographic report of the trial transcribed by a stenographic reporter as provided by section 953a of this code because of the death or other disability of a reporter who participated as a stenographic reporter at the trial, the court or a judge thereof shall have power to set aside and vacate the judgment, order or decree from which an appeal has been or is to be taken and to order a new trial of the action or proceeding."

The very language of this statute indicates a clear intention on the part of the law-making body to authorize a trial

court to grant a new trial in a proper case. But this is the extent of the language employed. There is no intimation or suggestion that there is imposed upon the court a duty to grant a new trial. The words "shall have power" are not equivalent to "must". We are of the opinion, therefore, that the statute under consideration vests in the trial court jurisdiction to entertain a motion for a new trial under the circumstances herein appearing and a discretion to grant or refuse such motion. Nor is it a violent assumption that the discretion thus conferred is a wide discretion. █ The granting or denial of motions for new trial generally is a matter in which the trial court is vested with so wide a discretion that its abuse must be made clearly to appear before an appellate court is warranted in disturbing its action. In the instant case the trial court had heard all the evidence produced during the trial and upon the evidence thus presented had arrived at a decision. It would be anomalous, at least, to anticipate that the court should arrive at a different result upon a retrial where, so far as appears, the evidence would be identical with that which had theretofore been presented. Under the circumstances disclosed by the record we are of the opinion that no abuse of discretion was committed by the trial court in denying appellant's motion for a new trial.

In the final analysis, the single reason that is suggested for reversal of the court's action in denying the motion is that appellant, through no fault of its own, is penalized by being deprived of the opportunity of having an appellate court review a judgment which it considers erroneous. The reasoning of the Supreme Court in *Diamond* v. *Superior Court, supra,* furnishes a full and sufficient answer to this contention. The court there said:

"There may be an occasional hardship in denying a new trial in cases such as this. An injustice might easily be worked if the rule were otherwise. Every presumption is in favor of the fairness, impartiality and regularity of the proceedings of the trial court, which led to the judgment and in denying the motion for a new trial on the grounds enumerated in the statute. The party in whose favor the judgment was rendered, and who successfully resisted the motion for a new trial would, on an appeal, be entitled to the benefit of those presumptions. To permit the applica-

tion of the rule contended for by the respondent would be to deprive such party of his judgment, and the intendments in its support, and to force him to re-establish his claim, because, it is asserted his adversary has been, without his own fault, deprived of the means of pointing out errors which are said to have been committed on the former trial. (*Alley* v. *McCabe*, 147 Ill. 410, 415 [35 N. E. 615].)''

The conclusion at which we have here arrived that the trial court is vested with wide discretion in the matter of passing upon motions for new trial made pursuant to the provisions of section 953e of the Code of Civil Procedure has been reached without reference to respondent's contention that the statute is not retroactive and is therefore not applicable to the situation here presented.

Appellant further urges that the trial court denied its motion solely on the ground that as an appeal had been taken from the judgment the court had thereby lost jurisdiction to grant the motion. Irrespective of whether or not the court entertained such an opinion, the record does not lend support to appellant's voluntary statement in this regard. The record contains what is evidently a copy of the minute order. All that appears therefrom is that the motion was denied. Furthermore, even though the court entertained the opinion suggested and announced it as the reason for denying the motion and assuming further that the court's opinion in this regard was erroneous, it does not follow that the order denying the motion should be reversed. The rule is too familiar to require any comment other than the statement of it that if the trial court's action may be sustained on any ground it is the duty of the reviewing court to affirm the order. It is the court's action in denying the motion which is here reviewable and not the court's opinion or statement of reasons for its action.

The judgment from which this appeal has been presented is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 13, 1933.