[Civ. No. 10796. Second Appellate District, Division One.—July 21, 1936.]

BERTRAND M. J. CONLIN, Respondent, v. WILLIAM R. COYNE et al., Appellants.

Halverson & Halverson, and Pacht, Turnbull, Pelton & Warne for Appellants.

Harry K. Sargent for Respondent.

DESMOND, J., *pro tem.*—Respondent moved to dismiss an appeal from an order of the superior court denying a new trial, claiming that such an order is not appealable, under section 963 of the Code of Civil Procedure, which lists the cases in which an appeal may be taken. Prior to 1915, by the terms of that section, an order refusing, as well as an order granting, a new trial was appealable. The legislature in that year struck out the words "or refusing" before "a new trial" (Stats. 1915, p. 209), but at the same session recast section 956 of the Code of Civil Procedure in the form now in effect whereby it is provided that upon an appeal from a judgment "the court may . . . review any order on motion for a new trial". Section 953e of the Code of Civil Procedure was enacted in 1931. It gives the trial court power to vacate a judgment, order or decree from which an appeal has been or is to be taken and to order a new trial, when by reason of the death or other disability of the trial reporter it is impossible to have the phonographic report of the proceedings transcribed. In the instant case, after plaintiff had secured a judgment in a case tried by a jury, the trial court denied a motion for a new trial, notice of appeal from the judgment was filed, the clerk's transcript ordered, paid for and filed and the reporter's transcript ordered, partly paid for and partly completed when the reporter who was assigned to take down the testimony died. The reporters who worked with him on the case and who use the same or a similar system of shorthand were unable to read his notes, therefore the testimony cannot be transcribed for an appeal, as provided by section 953a of the Code of Civil Procedure. Meantime the original file containing the given and refused instructions was destroyed by fire, a circumstance which appellants claim prevents them from presenting their appeal from the damage judgment by an alternative method.

In this situation they moved the court under section 953e of the Code of Civil Procedure to vacate the judgment

and order a new trial. The question we must determine is whether an appeal may be taken from the order denying this motion.

Referring again to section 963 of the Code of Civil Procedure, it may be noted that an appeal lies "from any special order made after final judgment". In 2 California Jurisprudence, page 152, we find the following: "An 'order' within the meaning of this provision has been defined to be the judgment or conclusion of the court, upon any motion or proceeding. And it is clear that the term 'order' includes cases where the court denies as well as where it grants affirmative relief. . . . The necessity for this provision allowing appeals from special orders after judgment is apparent when it is considered that an appeal from the judgment would only bring up the record of the proceedings resulting in the judgment, and that such appeal may have been taken and even disposed of before the making of the order complained of."

This brings out clearly the fact that, although the ordinary motion for a new trial under section 657 of the Code of Civil Procedure may be denied with no appeal lying under section 963 of the Code of Civil Procedure, it may still be reviewed under the appeal from the judgment (see *Wilcox* v. *Hardisty*, 177 Cal. 752 [171 Pac. 947]), whereas a denial of the motion for a new trial, made under section 953e of the Code of Civil Procedure, cannot, of course, be reviewed upon an appeal from the judgment. It is apparent then that this was a special order made after final judgment and as such is appealable under section 963 of the Code of Civil Procedure. The cases cited by respondent in opposition to this view all relate to cases involving denials of motion for a new trial made under section 657 of the Code of Civil Procedure, and were decided prior to the adoption of section 953e of the Code of Civil Procedure. Motions for a new trial under these two sections of the code are altogether different from each other as a reference to their phraseology will show. Not only that, but there are many procedural provisions and requirements attaching to a motion for a new trial under section 657 of the Code of Civil Procedure that have no application whatever to a motion made under section 953e of the Code of Civil Procedure. For example, section 660 of the Code of Civil Procedure provides that on the hearing of a motion for a new trial, "when the proceedings at the trial

have been phonographically reported, but the reporter's notes have not been transcribed, the reporter must upon request of the court or either party, attend the hearing of the motion and shall read his notes, or such parts thereof as the court, or either party, may require". Having in mind the cause of the motion made in this case, could anything more clearly indicate that the two sections, each relating to a motion for a new trial, have nothing in common? They must be looked at and considered as different species. We have already pointed out the method provided by section 956 of the Code of Civil Procedure for review of an order denying motion for a new trial under section 657 of the Code of Civil Procedure. That method, of course, cannot be applied to an order denying a similar motion under section 953e of the Code of Civil Procedure. We believe that a decision of a trial court on a matter involving the exercise of his discretion should be subject to review or appeal, and under the circumstances have no hesitancy in this case in considering this an appeal "from a special order made after final judgment".

Motion to dismiss denied.

York, Acting P. J., and Doran, J., concurred.