[Civ. No. 10863.   Second Appellate District, Division One.—September 1, 1936.]

HOWARD C. NICHOLAS, Respondent, v. JOHN CROSETTI et al., Defendants; FRANK CROSETTI, Appellant.

Canepa & Castruccio and Horace W. Danforth for Appellant.

Reames, Lake & Mulvihill for Respondent.

ROTH, J., *pro tem.*—Plaintiff and respondent in this action sued defendants John Crosetti and Frank Crosetti; father and son, of whom the latter alone is appellant, alleging in his complaint: "That . . . Frank Crosetti acting as agent of . . . defendant John Crosetti, . . . did wan-

tonly, recklessly, maliciously and unlawfully, then and there assault, beat and bruise the plaintiff . . . to his damage in the sum of $15,000.00.'' The trial court granted a nonsuit as to the father, defendant John Crosetti. Appellant's defense was that he did not commit the assault. The evidence was conflicting as to the identity of the person who actually committed the assault, and the circumstances thereof. There can be no doubt, however, that there is ample evidence to sustain the jury's verdict that the assault was committed by appellant and was unlawful.

Appellant's primary contention on appeal is that he did not have a fair trial. This contention is based upon the declared attitude of the trial judge during the trial. Fifteen specifications of alleged misconduct are charged, most of which are not misconduct, and a few of which, while constituting misconduct are undoubtedly harmless. Three of the specifications, however, in our opinion, are fatal.

The trial court after granting a motion for nonsuit as to the father, John Crosetti, advised the jury upon its return to the courtroom of its said action in the following words: '' . . . the motion for a nonsuit as to the father, . . . was sustained by me on the ground that there was not any evidence that the father had participated in or authorized in any way the *action of the son in attacking this man.''* Whether the son (appellant herein) was the man who actually committed the assault was the primary question of fact in the case. In overruling an objection to evidence made by appellant's counsel, the trial court said: ''There won't be anything to it after it is submitted to the jury; we will go ahead and do it now; the objection is overruled.'' In response to an objection made by appellant's counsel to hearsay remarks of a witness, one Allum, the court ruled upon said objection, and justified the injection of said hearsay by the following ruling and remarks: ''Overruled. There is testimony before the jury here that this defendant was leading the mob.''

The judgment is reversed. The appeal from the order denying appellant's motion for new trial is dismissed, as the law, subject to certain exceptions of which this is not one, authorizes no appeal from such an order.

(*Conlin* v. *Coyne,* 15 Cal. App. (2d) 569 [59 Pac. (2d) 884] ; Pen. Code, sec. 1237.)

Houser, P. J., and Doran, J., concurred.