[Civ. No. 3003. Fourth Dist. Apr. 15, 1942.]

JAKE KROEKER et al., Appellants, v. GEORGE W. JACK et al., Respondents.

H. E. Schmidt, Edwin P. Jacobsen and Borton, Petrini, Conron & Borton for Appellants.

· George A. Westover, Higgs & Fletcher, Elliott, Veder, Sullivan & Dunham and Claflin, Dorsey & Campbell for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from an order denying a motion for a new trial, made under section 953e of the Code of Civil Procedure.

It appears from the evidence filed in support of said motion that said action was tried before the court on April 8, 9, 10, 11 and 12, 1940, and that judgment in favor of respondents was entered on June 13, 1940; that a notice of appeal was filed and a request and order for the preparation of a transcript made under the alternative method and that appellants paid to the reporter the sum of $515 therefor; that the evidence at the trial consisted almost entirely of oral testimony of witnesses and that the various counsel for appellants cannot recall the testimony, rulings and pro-

ceedings with sufficient accuracy to prepare a bill of exceptions; that certain oral stipulations were made in open court, the wording of which cannot be recalled by counsel with sufficient accuracy to prepare a record thereof; that after the filing of the notice of appeal, F. Roy Davis, the official court reporter, secured an order extending his time for the preparation of said transcript to November 6, 1940; that commencing about August 14, 1940, counsel for appellants contacted said reporter on numerous occasions and endeavored to have said reporter complete said transcript, but said reporter became ill in November, 1940, and was unable to complete the transcript; that said reporter died on May 20, 1941; that counsel for appellants have been informed by all of the court reporters of Kern County that they could not read or transcribe the notes of said reporter.

Prior to 1931, a trial court was without jurisdiction to grant a new trial in a case where, because of the death of the court reporter, a reporter's transcript could not be prepared. (*Diamond* v. *Superior Court,* 189 Cal. 732 [210 Pac. 36].) The legislature in 1931 added a new section to the Code of Civil Procedure numbered 953e, which section reads as follows:

"Impossibility of obtaining transcript because of death or disability of reporter: Vacation of judgment or granting new trial. When it shall be impossible to have the phonographic report of the trial transcribed by a stenographic reporter as provided by section 953a of this code because of the death or other disability of a reporter who participated as a stenographic reporter at the trial, the court or a judge thereof shall have power to set aside and vacate the judgment, order or decree from which an appeal has been or is to be taken and to order a new trial of the action or proceeding."

As was stated by Mr. Justice Jennings in *Moore* v. *Specialty Oil Tool Co.,* 128 Cal. App. 662 [18 P. (2d) 82], at page 664:

"The very language of this statute indicates a clear intention on the part of the law-making body to authorize a trial court to grant a new trial in a proper case. But this is the extent of the language employed. There is no intimation or suggestion that there is imposed upon the court a duty to grant a new trial. The words 'shall have power' are not equivalent to 'must.' We are of the opinion, therefore, that

the statute under consideration vests in the trial court juris-diction to entertain a motion for a new trial under the circum-stances herein appearing and a discretion to grant or refuse such motion. Nor is it a violent assumption that the discretion thus conferred is a wide discretion."

In *Conlin* v. *Coyne*, 19 Cal. App. (2d) 78 [64 P. (2d) 1123], the court said, at page 83:

"The affidavits, as we have said, stated that the defendants could appeal only upon the clerk's transcript and, again, that it was 'impossible for defendants to prosecute in any manner whatsoever the Appeal heretofore taken.' Evidently the judge believed that he knew better, and in this he was not shown to have been wrong. The generalities and conclusions in the affidavits were entirely insufficient to support the contentions of defendants, especially in view of the fact that the makers of the affidavits were stating that something could not be done which at the time the statements were made had not even been attempted. The ruling of this court must be that no abuse of discretion appears to have been committed in denying the motion for a new trial made under section 953e."

In both of the above-mentioned cases a hearing was denied by the Supreme Court.

It thus appears that a very wide discretion is conferred upon the trial court in passing upon a motion for a new trial under said section, and it must be made clearly to appear that such discretion has been abused before an appellate court is warranted in disturbing its action. In the instant case, no errors on the part of the trial court are asserted to have occurred, and no statement is made in the affidavits, or other-wise, that there is any likelihood that the court would arrive at a different conclusion upon a retrial.

There may be an occasional hardship in denying a motion for a new trial in a case such as this. On the other hand, an injustice may easily be worked if the rule were otherwise than to vest a wide discretion in the trial court in passing upon such a motion. Every presumption is in favor of the fairness and regularity of the proceedings in the trial court which led to the judgment. The party in whose favor the judgment is rendered is entitled to the benefit of those presumptions and should not be forced to reestablish his claim unless it is clear that the trial court abused its discretion in denying the motion. Taking the entire record in this proceeding into con-

sideration we do not believe it can be held that the denial of the motion by the trial court was an abuse of discretion.

The order denying appellants' motion for a new trial under section 953e of the Code of Civil Procedure is affirmed.

Barnard, J., and Marks, J., concurred.