[Civ. No. 3076. Fourth Dist. May 27, 1943.]

J. L. SMITH et al., Respondents, v. ORANGE BELT SUP-PLY COMPANY (a Corporation), Appellant.

E. I. Feemster for Appellant.

McFadzean & Crowe for Respondents.

BARNARD, P. J.—This is an appeal from an order denying a motion for the new trial authorized by section 953e of the Code of Civil Procedure.

A judgment in favor of the plaintiffs was entered on February 20, 1942, the action having been tried by the court without a jury. On April 13, 1942, present counsel was substituted in place of another who had theretofore acted as attorney for the defendant. On April 14, 1942, notice of appeal from the judgment was filed with a request for a transcript as provided for in section 953a, Code of Civil Procedure. On May 11, 1942, and before his transcript had been completed, the stenographic reporter died. Thereafter, a motion for a new trial based upon the impossibility of obtaining a transcript was made and denied by the court. This appeal followed.

It seems to be settled that the granting of a new trial upon this ground is a matter resting in the sound discretion of the trial court, that it is vested with a wide discretion in passing on such an application, and that its action thereon will not be disturbed unless an abuse of this discretion clearly appears. (*Moore* v. *Specialty Oil Tool Co.*, 128 Cal.App. 662 [18 P.2d 82]; *Conlin* v. *Coyne*, 19 Cal.App.2d 78 [64 P.2d 1123]; *Kroeker* v. *Jack*, 51 Cal.App.2d 272 [124 P.2d 619].) In the first of these cases, in holding that no abuse of discretion was disclosed by the record, it was pointed out that there was nothing to indicate that the evidence would be any different on a new trial or that a different result might be anticipated. It was further pointed out that the fact that the denial of such motion might deprive an appellant, through no fault of his own, of the opportunity of obtaining a review of a judgment against him is not, in itself, a sufficient ground for reversing the order denying a new trial. In *Conlin* v. *Coyne, supra,* in holding that no abuse of discretion appeared in the denial of such a motion it was pointed out that no effort had been made to prepare a bill of exceptions, that it was not sufficiently shown that such a record could not have been prepared, and that while a portion of the reporter's transcript had been written up and was available there was no showing as to the materiality of the missing portions. In *Kroeker* v. *Jack, supra,* the main showing in support of the motion for such a new trial was that the attorneys for the appellants lacked sufficient memory with respect to the testimony and other matters to enable them to prepare a bill of

exceptions. In holding that no abuse of discretion appeared it was pointed out that no effort had been made to indicate any errors of law or to show any likelihood of a different result in the event of a retrial.

In the instant case two affidavits were introduced in support of the motion. One of these is to the effect that other reporters are unable to transcribe the shorthand notes of the deceased reporter. The other is an affidavit by appellant's present counsel in which he states, so far as material here, that he had no knowledge of any of the facts or proceedings involved in this action prior to April 13, 1942, that appellant's original counsel has been so busily engaged in other duties that he is unable to give, and is not available for, any assistance to the affiant in the preparation of a record; that the stenographic reporter at the time of his death had prepared about 66 folios of the transcript, which covered the testimony of two witnesses for the respondents and a small portion of the testimony of a third; that the testimony of eight other witnesses for the respondents and five witnesses for the appellant had not been transcribed and it is now impossible to have the same transcribed; that he is informed and believes that the testimony of the appellant's witnesses was technical and expert in character and showed that the work done by the appellant was properly performed; that the appellant in its appeal from the judgment, relies upon the insufficiency of the evidence; that without a complete transcript of the evidence it is impossible for appellant to point out or explain the particulars in which the evidence is insufficient; that counsel for respondents had stated to affiant that it would be impossible to agree upon a statement of the facts or to have a bill of exceptions settled or agreed upon; and that it is impossible, without the requested transcript, to prepare and have settled a bill of exceptions. No opposing evidence appears in the record but in respondents' brief it is asserted that the statements in the last mentioned affidavit, concerning a conversation with counsel for the respondents, were vigorously denied at the hearing.

In principle, we are unable to distinguish this case from the cases above cited. There would seem to be little distinction between a situation where a bill of exceptions cannot be prepared without a transcript because counsel has forgotten the facts and one where, due to a substitution of attorneys, coun-

sel has no sufficient knowledge of the facts. To recognize the latter as sufficient to require the granting of a new trial would lead to a result not contemplated by the statute.

It might well be that the 66 folios of testimony which had been transcribed contained evidence sufficient to support the judgment, in which event the untranscribed testimony could only raise a conflict. Nothing is said in the affidavit concerning the nature of the testimony which had been transcribed, and there is no attempt to show that the evidence was in fact insufficient to support the judgment. While the affidavit alleges that the former counsel for appellant "is not available" for any assistance in the preparation of a record the showing that no such assistance could have been had by timely effort is not too strong.

While the showing made might well have justified the granting of a new trial it falls short, in our opinion, of being sufficient to clearly disclose an abuse of the discretion which was vested in the trial court and, under such circumstances, the order of the court may not be disturbed on appeal.

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1943.