[Civ. No. 3406.   Fourth Dist.   Nov. 20, 1945.]

M. POTTER, Appellant, v. NORMAN M. ENTLER et al., Respondents.

L. G. Hayford for Appellant.

R. Bruce Findlay for Respondents.

BARNARD, P. J.—This is quiet title action and the plaintiff has appealed from a judgment in favor of the defendants. The appeal is presented on a clerk's transcript and four original exhibits.

The complaint is in the usual form, alleging that the plaintiff is the owner of certain real property, that the defendants wrongfully claim an interest therein, and that the defendants have abandoned any interest which they may have had in or to the property. The prayer is that the defendants be required to set forth the nature of their claims, that it be adjudged that the plaintiff is the owner of the property, and that the defendants be restrained from asserting any claims in or to the land adverse to the plaintiff. The defendants Entler answered admitting that they claimed an interest in the property, and denying that their claim was without right. The court found that the plaintiff was not the owner of this property and had no interest therein; that the defendants Entler claimed an interest in the property; that said interest is a valid claim; that as against the plaintiff these defendants are the owners of the property and have the right to redeem the same from any sale or sales which might have been previously made for delinquent taxes; and that it is not true that these defendants have abandoned any right, title or interest which they may have had in and to the property. A judgment was entered quieting title in the defendants Entler as against the plaintiff and all persons claiming under or through him.

The plaintiff moved for a new trial pursuant to a notice of intention specifying as grounds therefor, the insufficiency of the evidence, that the judgment is against the law, and errors in law occurring at the trial. The motion for new trial was denied on December 7, 1944, and on December 30, 1944, a notice of appeal was filed, together with a notice

for the preparation of both a clerk's and a reporter's transcript.

The only record before us, other than the clerk's transcript, is four original exhibits, as follows: 1. A notice of tax sale giving notice that unless sooner redeemed this land will be sold on June 30, 1932, for delinquent taxes for the years 1925 and 1926. 2. Three redemption receipts signed by the county auditor, one for $569.71, dated June 25, 1931, one for $10, dated June 25, 1931, and one for $541.73, dated June 21, 1932. 3. A commissioner's deed dated March 11, 1937, conveying the property to N. M. Entler pursuant to a judgment and decree made by the superior court of San Bernardino County on January 27, 1936, in an action between N. M. Entler as plaintiff, and Leslie D. Stephens et al., as defendants, and reciting that the land was duly sold at public auction on March 9, 1936, for the sum of $35,000. This deed was recorded August 27, 1943. 4. A deed dated November 2, 1942, executed by the guardian of the Estate of Leslie D. Stephens, an incompetent person, conveying all of his right, title and interest in the property in question to M. Potter. It is recited in this deed that Leslie D. Stephens' interest in the property had been sold to Potter for $50, subject to the confirmation of the court, and that the court had confirmed this sale. This original deed contains no marks indicating that it has ever been recorded.

■ Appellant's first contention is that the court abused its discretion in denying his motion for a new trial. It is argued that the reporter's notes "seem to have been lost or destroyed" and that the motion for a new trial "was based wholly on the provisions of section 953e of the Code of Civil Procedure." We find nothing in the record to support this contention and it was, in effect, abandoned at the oral argument. The appellant states in his brief that the fact that the reporter's notes were not available was not discovered until after the appeal was taken. The only motion for a new trial disclosed by the record was made earlier and was based upon other grounds. There is nothing in the record to indicate that any inability to obtain a reporter's transcript either existed or was called to the attention of the trial court. Moreover, there is no showing that any attempt was ever made to secure an adequate record through an agreed statement of facts, or otherwise. No abuse of discretion appears. (*Moore* v. *Specialty Oil Tool*

*Co.*, 128 Cal.App. 662 [18 P.2d 82]; *Kroeker* v. *Jack,* 51 Cal.App.2d 272 [124 P.2d 619]; *Norris* v. *Norris,* 50 Cal. App.2d 726 [123 P.2d 847]; *Caminetti* v. *Brown & Sons,* 23 Cal.2d 511 [144 P.2d 570].)

Appellant's main contention is that the findings and judgment are not supported by the evidence. This is based upon certain alleged facts which nowhere appear in the record. It is stated in his brief that in 1922 the Entlers sold this land to Leslie D. Stephens and Mary S. Stephens, his wife, as joint tenants, and took back a mortgage for $41,000 as part of the purchase price; that the purchasers defaulted in the payment of taxes; and that the land was sold to the state for delinquent taxes in 1933.

While it is not contended that the state has ever sold this land or that the appellant has acquired the interest therein formerly held by Mrs. Stephens, it is argued that the supposed sale to the state in 1933 extinguished the lien of the respondents' mortgage because the state then took the land free from all liens, that the foreclosure proceeding was ineffective for any purpose and did not shut off Leslie D. Stephens' right of redemption, that the respondents' right of redemption as mortgagees was lost because the state acquired full title, and that it follows that the plaintiff, as the successor of Leslie D. Stephens, is now entitled to redeem the property, free from any lien or claim on account of the mortgage debt.

A sufficient answer to these contentions, if they were otherwise valid, is that there is nothing in the record to disclose the main facts upon which the argument is based. Nor do we think the appellant would be any better off if those facts were admitted and were in the record. It is unnecessary to go into the question raised by the appellant as to whether the lien of this mortgage was, as between the parties, extinguished by the sale of the property to the state for delinquent taxes. In any event, the mortgagors, as owners of the land, had a right of redemption until that right should be terminated as provided by law. Having that right, they had an interest in the property which was subject to and could be reached by the foreclosure proceedings. This was done and the mortgagees became the owners of that right and interest through the judicial sale. As successors in interest of the original owners the respondents had a right to redeem the land from the tax sale until that right should

be terminated. (Rev. & Tax. Code, § 4101.) It is not even claimed that the state has taken any steps to terminate that right of redemption.

█ Any right of redemption which existed in the mortgagors was foreclosed and passed to the mortgagees by virtue of the decree and judgment entered in the foreclosure action. Any such rights having been ended by the foreclosure proceedings Mr. Stephens had no right or interest which could pass by the deed given in the guardianship proceedings. The mortgagees still had a right to redeem the property, which was a sufficient interest in the land to enable them to defend this action and to furnish support for the judgment. The appellant showed no title in himself, having only a quitclaim deed from one of the former owners who had lost all his rights in the property. ⋅ █ Under general equitable principles he should not be permitted to quiet his title against a mortgage debt, the mortgage not being void, without offering to pay the mortgage.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.