[L. A. No. 19831. In Bank. Dec. 12, 1947.]

EDWARD L. FICKETT, Respondent, v. PHILIP J. RAUCH, Appellant.

Gordon M. Snyder for Appellant.

Paul R. Hutchinson for Respondent.

SHENK, J.— This is an appeal from an order denying the defendant's motion for a new trial. The motion was pursuant to section 953e of the Code of Civil Procedure and was made on the ground of the death of the court reporter. Such an order is appealable. (Code Civ. Proc., § 963; *Conlin* v. *Coyne*, 15 Cal.App.2d 569 [59 P.2d 884].) The question presented is whether the denial of the motion was an abuse of discretion.

Until 1931, the only grounds of motion for new trial were those specified in section 657 of the Code of Civil Procedure. Prior to 1931, the death or other disability of a reporter who took notes on the trial and other proceedings could not be urged as grounds for a new trial. (*Diamond* v. *Superior Court*, 189 Cal. 732 [210 P. 36].) In order to change the rule, the Legislature in 1931 added section 953e to the Code of Civil Procedure (Stats. 1931, p. 410). That section as amended in 1943 (Stats. 1943, p. 2957) provides: "When it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule, because of the death or disability of a reporter who participated as a stenographic reporter at the trial, or because of the loss or destruction, in whole or in substantial part, of

the notes of such reporter, the court or a judge thereof shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding.''

Rule 4(e) of the Rules on Appeal (22 Cal.2d 1, 4) provides: ''If, without fault of the appellant, the reporter refuses or becomes unable or fails to transcribe all or any portion of the oral proceedings designated by the parties, the clerk shall mail notice to the parties specifying the portions of the oral proceedings which the reporter refuses, is unable or fails to transcribe. At any time prior to the expiration of 10 days after mailing of such notice, the appellant may serve and file a notice of motion for leave to prepare a settled statement of such portions of the oral proceedings. If the superior court grants the motion, the statement shall be served, filed and settled. . . . This remedy is in addition to any remedy given by law.''

The reviewing courts have uniformly held that there is no compulsion upon the trial court to grant a new trial under section 953e, that the exercise of the power by the court under that section is discretionary, and that an order denying a motion made pursuant thereto should not be reversed except for an abuse of discretion. (*Caminetti* v. *Edward Brown & Sons*, 23 Cal.2d 511, 514 [144 P.2d 570]; *Moore* v. *Specialty Oil Tool Co.*, 128 Cal.App. 662, 665 [18 P.2d 82]; *Conlin* v. *Coyne*, 19 Cal.App.2d 78, 83 [64 P.2d 1123]; *Norris* v. *Norris*, 50 Cal.App.2d 726, 735 [123 P.2d 847]; *Kroeker* v. *Jack*, 51 Cal.App.2d 272, 274 [124 P.2d 619]; *Smith* v. *Orange Belt Supply Co.*, 58 Cal.App.2d 848, 849 [137 P.2d 845]; *Weisbecker* v. *Weisbecker*, 71 Cal.App.2d 41, 45 [161 P.2d 990]; *Delafield* v. *Searle Aero Industries*, 76 Cal.App.2d 862, 871 [174 P.2d 455]; see, also, *Comey* v. *Comey*, 8 Cal.2d 453, 454 [66 P.2d 148].)

Whether the court has abused its discretion depends on the facts of the particular case. The discretion is not unlimited, but is a legal discretion, the exercise of which is reviewable. (*Sharon* v. *Sharon*, 75 Cal. 1, 48 [16 P. 345].)

In the present case the plaintiff sued the defendant for the wrongful taking of alleged partnership property, for an accounting and one-half the profits of the partnership. Issues as to the existence of the partnership were tendered and the trial proceeded on those issues during July 26 and 27, 1943. On July 27th, the trial judge orally announced his

opinion favorable to the plaintiff; whereupon, at the suggestion of plaintiff's counsel the trial on the accounting issues was continued to August 23d in order that the parties might have the benefit of an audit of the defendant's books. After an investigation of the defendant's accounts the parties were unsuccessful in reaching a satisfactory result. Before the date set for a further hearing, the defendant was inducted into military service. Upon that showing and the possibility that he might nevertheless be available, the trial was continued to September 23d. Thereafter, due to the defendant's military service, the trial was continued eight times and on June 28, 1944, it was ordered off calendar. On October 15, 1944, it was ordered placed on the calendar for trial on January 15, 1945. Thereafter, three more continuances brought the trial date to April 12, 1945, when the defendant, still in military service, was in Los Angeles.

In the meantime and on July 24, 1944, the court reporter died without having transcribed his notes of the two days of trial in July, 1943, at which evidence was introduced on the issues of the existence of the partnership. The death of the reporter was not discovered by the parties until the defendant's attorney learned of it in November, 1944. He immediately made a request to the secretary of the court reporters of the Los Angeles Superior Court for a transcript of the testimony taken by the deceased reporter on July 26 and 27, 1943, and received notice that there had been no transcription of the testimony or proceedings on those trial days with the exception of the opinion announced by the trial judge in open court, and that it would be impossible to obtain a transcript because the deceased reporter had his own system of shorthand and none of the transcribers could read his notes.

A trial of the accounting issues was commenced on April 12, 1945. At that time by stipulation the cause was ordered off calendar on a showing that the parties might settle their differences. On May 3, 1945, the attempt failing, the stipulation was ordered vacated and the cause restored to the calendar. On August 13, 1945, a substitution of attorneys for defendant was effected. The trial on the accounting issues was concluded in the same month. During the progress of the trial, the defendant moved to reopen the case on the ground of the reporter's death so that a record of the testimony regarding the existence of the partnership might be obtained. The motion was denied.

Judgment for the plaintiff was entered on November 1, 1945. A motion for new trial based upon the statutory grounds specified in section 657 of the Code of Civil Procedure was denied. An appeal was duly noticed and a request made for a transcript (rule 4(a), Rules on Appeal, 22 Cal.2d 1, 2, formerly Code Civ. Proc., § 953a). On January 8, 1946, the defendant noticed a motion for an order appointing a court reporter to read the shorthand notes of the deceased reporter for the trial days of July 26 and 27, 1943, and for a transcription thereof. The affidavits filed on this motion showed conclusively that such a transcript could not be obtained for the further reason that the reporter's notes for those days could not be located. That course was therefore abandoned and on January 25, 1946, the defendant noticed a motion for a new trial on the partnership issues based on the death of the reporter subsequently to the trial on those issues, and the impossibility of obtaining a transcription of his notes. The hearing thereon was continued to March 8, 1946, to afford the defendant an opportunity to prepare a proposed bill of exceptions. The parties thereafter filed affidavits reciting conferences between their attorneys, and their efforts, with the assistance of the defendant's former trial counsel, to prepare a bill of exceptions. This was unsuccessful, due to lack of existing data showing the witnesses' testimony other than pretrial statements of what was expected to be proved.. The affidavits also showed that the respondent (plaintiff) offered to obtain affidavits of his witnesses as to their testimony, but the offer was rejected by the appellant. The motion for a new trial under section 953e was denied on March 26, 1946.

The appellant relies on the case of *Weisbecker* v. *Weisbecker, supra* ([1945] 71 Cal.App.2d 41), where the order denying the motion pursuant to section 953e was reversed on the ground that the trial court abused its discretion. In the other cited cases an order denying such a motion was affirmed on the ground that the statute did not then authorize it or that no abuse of discretion was made to appear.

In the Weisbecker case, the defendant wife appealed from an interlocutory decree of divorce granted to the husband. Within the same month after the notice of appeal was filed, the husband paid for the preparation of a reporter's transcript and the reporter promised to transcribe the record as soon as he could; upon a second reminder he obtained an extension; but three months after the filing of the notice of

appeal, he died suddenly from a heart attack without having transcribed any portion of the testimony, which fact was not discovered until a month later. Within a few days after the discovery, the appellant moved pursuant to section 953e, specifying grave questions concerning the sufficiency of the evidence. It further appeared that there was no substantial existing data which could be substituted for the transcript in the preparation of a settled statement. The District Court of Appeal very properly refused to follow the Diamond case, *supra* (189 Cal. 732), for the obvious reason that after that case was decided in 1922, the Legislature had in 1931 enacted section 953e thereby specifically providing that the death of the court reporter might serve as a ground for a new trial. In the Weisbecker case the court concluded that since the appellant had proceeded in the customary manner to perfect the appeal, had acted with reasonable promptness upon learning of the reporter's death, and the contentions to be presented on the appeal were shown to be dependent upon the evidence taken at the three-day trial as to which substantial data was nonexistent, the denial of the motion was an abuse of discretion. It was also said that if the result were otherwise under the facts of that case the relief afforded by section 953e would be as effectively denied as if the statute had not been enacted.

Certainly, it is incumbent upon the trial court in resolving the merits of the motion pursuant to section 953e to consider the rights of the appellant as well as of the respondent, otherwise the rule of the Diamond case would be perpetuated. The appellant should, of course, indicate substantial controversial issues concerning which a judgment on the merits would depend; but it is not required that he show that on a retrial the result would be different. It is not to be assumed that on a retrial on the same evidence, prior to a review by an appellate court, the errors alleged to have been committed on the first trial will necessarily be corrected. In other words, the purpose of such a retrial is not to make the trial court change its mind but to obtain a record upon which to urge a correction of the errors claimed to have been committed.

The affidavits of the parties show substantial controversial issues concerning factual elements necessary to constitute a partnership and the beginning and termination dates thereof—questions which the trial court refused to reopen on

the trial of the accounting because of the supposed existence of other remedies and because the accounting might resolve some of the differences. It is not contended that the accounting did so resolve them.

The appellant is not necessarily required to prepare a settled statement pursuant to rule 4(e) of the Rules on Appeal. That remedy, as stated in the rule, is in addition to any remedy given by law. Therefore, in the absence of a transcript, it would be unreasonable to require an appellant to prepare a settled statement from insufficient data. The respondent does not contend that existing data is sufficient. He is content to rely on possible notes taken at the trial and his offer made to appellant's counsel to procure affidavits of his witnesses setting forth their recollection of what their testimony was—an offer which the appellant was certainly within his rights to reject.

The affidavits of the parties indicate that all of the facts were present which would render the denial of the motion an abuse of discretion unless it may be said that the delays pointed out by the respondent would support the denial of the motion. In this connection it must be remembered that no judgment was rendered until November 1, 1945, which was more than a year after the death of the reporter who took the notes on the trial of the partnership issue in July, 1943. Unquestionably, the appellant moved promptly upon discovery of the reporter's death. Immediately and before completion of the trial he sought to obtain a transcript of the deceased reporter's notes from a reading by other reporters. He moved promptly after judgment to perfect his appeal, and in his further attempts to obtain a transcription of the notes by others. In lieu thereof, with the assistance of his former counsel, he attempted without success to obtain sufficient data upon which to base a bill of exceptions.

The respondent is relying mainly upon the delays which occurred before the trial was completed and the judgment rendered. He is apparently contending that the appellant should have moved to obtain a transcript while the reporter was alive and before the completion of the trial and entry of judgment.

As pointed out in the Weisbecker case (at p. 48), there is no existing policy or principle of law which would predicate a want of due diligence upon a lack of omniscience regarding the impending decease of a reporter who, to all intents and

purposes, was able to carry out his obligations. The respondent feels himself prejudiced because of the delay in the completion of the trial due to the appellant's military service. He avers that the appellant knew at the time of the trial on the partnership issues that he was about to enter military service and that he kept his knowledge from court and counsel; that he could have made himself available for trial during alleged furloughs which were spent in Los Angeles, but that he preferred to pursue a policy of delay by invoking the indulgence of the court to obtain continuances due to his military service. The alleged insincerities are more properly to be addressed to the trial court in exercising its power to expedite the trial of cases or in granting continuances because of military service or otherwise.

The record sufficiently shows that the trial court should have granted the motion.

The order is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Respondent's petition for a rehearing was denied January 8, 1948. Traynor, J., voted for a rehearing.